[Civ. No. 21541. Second Dist., Div. One. Oct. 29, 1956.]

DAVID A. HARGRAVE, Appellant, v. ACME TOOL AND TESTER COMPANY (a Corporation) et al., Respondents.

Russell H. Pray, William C. Price and .Eric A. Rose for Appellant.

Moss, Lyon & Dunn, Sidney A. Moss, Henry F. Walker, Ball, Hunt & Hart and Clarence S. Hunt for Respondents.

WHITE, P. J.—After the second trial of the instant action and verdict rendered for plaintiff for $50,000 for personal injuries suffered while working in the crew conducting a water shut-off test of an oil well, defendants moved for judgment notwithstanding the verdict. Those motions were denied. Defendants then moved for a new trial on all grounds applicable to jury trials and those motions were granted "on the ground of the insufficiency of the evidence to justify the verdict."

Plaintiff has appealed from the order granting the motions for a new trial, and, as contended by respondents, by reason of plaintiff's said appeal, the order denying defend-

ants' motions for judgment notwithstanding the verdict may be reviewed on this appeal. (Code Civ. Proc., § 629; *Estate of Green,* 25 Cal.2d 535, 545 [154 P.2d 692].)

Appellant urges two grounds for reversal: (1) that the doctrine of the law of the case requires it; and (2) that the trial judge abused his discretion in granting the new trial.

After plaintiff's evidence had been introduced in the former trial, judgment for defendants followed the granting of their motions for nonsuit. That judgment was reversed by this court (*Hargrave* v. *Acme Tool & Tester Co.,* 125 Cal.App.2d 34, 40 [269 P.2d 913]) for the reason that the evidence was sufficient to raise a question of fact to be decided by the jury and that a motion for nonsuit should be granted only when there is no substantial evidence to support a verdict in favor of plaintiff. (*Seneris* v. *Haas,* 45 Cal.2d 811, 821 [291 P.2d 915].) After the decision of this court upon said former appeal, hearing was denied by the Supreme Court.

All parties to the instant appeal agree that the entire summary of the evidence in the decision on the former appeal (*Hargrave* v. *Acme Tool & Tester Co., supra*) is a correct statement of some of the evidence at the second trial. The decision which we have reached makes it unnecessary to summarize the additional evidence introduced at the second trial.

The law of the case, as determined by the decision of this court on the former appeal reversing the judgment rendered after nonsuit, is that there was some evidence, which, if believed, would support a verdict in favor of plaintiff. That decision on appeal required that the trial judge submit the case to the jury. (*Kramm* v. *Stockton Elec. R. R. Co.,* 10 Cal.App. 271, 280 [101 P. 914].) That was done. After submission of the case to the jury in the second trial, neither the jury nor the trial judge was required to believe plaintiff's witnesses, resolve the conflicts in plaintiff's favor, or to find for plaintiff.

After the jury's verdict for the plaintiff, the trial judge, as he is required to do upon a motion for a new trial, considered the credibility of the witnesses and the weight of the evidence, drew his own inferences, and made his independent conclusions therefrom. The fact that he considered the evidence sufficient to justify his denial of defendants' motions for nonsuit, for directed verdict and for judgment notwithstanding the verdict did not preclude the trial judge from granting defendants' motions for a new trial upon his own

appraisal of the evidence. (*Woods* v. *Walker*, 57 Cal.App.2d 968, 971 [136 P.2d 72] ; *Kalfus* v. *Fraze*, 136 Cal.App.2d 415, 430 [288 P.2d 967].)

While appellant has urged the reversal on appeal on the ground that the trial court abused its discretion by granting the defendants' motions for new trial, he has failed to refer to any instance of such abuse in the record. Appellant cites and quotes from the decision in *Perry* v. *Fowler*, 102 Cal. App.2d 808 [229 P.2d 46]. By that decision, however, an order granting a new trial after both the first and second trials had resulted in verdicts for defendants was affirmed.

■ An order granting a new trial will not be reversed on appeal unless an abuse of discretion on the part of the trial judge is affirmatively shown or manifestly appears. (*Brooks* v. *Metropolitan L. Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].) No such showing has been made in the instant action, and it would serve no useful purpose to discuss the many reasons shown by respondents why a new trial was properly granted.

■ Reviewing the order denying defendants' motions for judgment notwithstanding the verdict, the decision on the former appeal reversing the judgment for defendants after nonsuit is the law of the case. ■ The trial court is authorized to grant a motion for judgment notwithstanding the verdict only where, viewing all the evidence in the light most favorable to plaintiff, with every legitimate inference drawn in his favor, and disregarding all conflicting evidence, the record is insufficient to support the verdict for plaintiff. (*Rodabaugh* v. *Tekus*, 39 Cal.2d 290, 291 [246 P.2d 663].)

Defendant Acme Tool and Tester Company contends that, at the second trial there was evidence which, as a matter of law, absolved it and its employees from all responsibility for plaintiff's injury. That contention is untenable. ■ Since all the evidence which constituted a prima facie case for plaintiff, under the law of the case, is again before the court, further evidence, either cumulative or conflicting, could not justify the granting of a judgment notwithstanding the verdict.

The orders denying motions for judgment notwithstanding the verdict and the orders granting a new trial are, and each of them is, affirmed.

Doran, J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 24, 1956.