[Civ. No. 22248.   Second Dist., Div. One.   May 8, 1957.]

BETTY LOU SMITH, Appellant, v. CITY OF LONG BEACH, Respondent.

Clyde A. Jones for Appellant.

Walhfred Jacobson, City Attorney, and John R. Nimocks, Deputy City Attorney, for Respondent.

FOURT, J.—This is an appeal from an order granting a motion for a new trial.

The testimony taken at the trial evidenced, among other things, the following: That the plaintiff is a paraplegic girl, having normal use of the upper part of her body and arms, the lower part of her body and legs having been useless for many years; that on October 26, 1954, at about 4:15 o'clock p.m., she was driving an electric autoette, which is an electric car with two wheels in the rear and one in front. It is steered by a bar or handle extending directly up and back from the front wheel. There are no gears involved and, as the bar or handle is moved from one side to the other, it turns the front wheel and thereby steers the vehicle. An accident occurred as the plaintiff proceeded west on Seaside Walk, a few feet west of South Magnolia Avenue in Long Beach. Seaside Walk is about 30 feet wide, constructed of concrete, and used by pedestrians and by trucks making deliveries during restricted hours of the day. The place of the accident was immediately to the west of the area known as the Amusement Zone, sometimes spoken of as "The Pike." To the south of Seaside Walk is a seawall, and to the south of the wall is the beach and playground. The plaintiff testified that as she proceeded west on Seaside Walk, the front wheel of her autoette struck at right angles a defect in the sidewalk, which in turn forced the steering bar or handle from her hand, causing her to fall to the floor of the autoette, and this in turn caused her left hand to release the speed control thereby increasing the speed of the vehicle out of control. The vehicle then circled and finally struck the seawall and injured the plaintiff.

The plaintiff caused a picture of the so-called defect to be introduced into evidence. The defendant also introduced pictures of what supposedly was the same alleged defect, but the two sets of pictures, apparently, depicted quite different situations; the one set showed the condition to be of some consequence, and the other set showed the condition to be of little, if any, consequence. The trial court indicated that

there was a substantial difference between what the pictures represented and noted that it did not seem, from the pictures, to be even the same location.

A police officer of the city investigated the accident and examined the condition complained of immediately after the accident occurred. His testimony was in decided conflict with that of the plaintiff. The plaintiff contended in substance, throughout, that the defect consisted of a 2-inch vertical right-angle rise in the walk. There was testimony in behalf of the defendant that the rise was very much less than two inches. There was also a conflict in the testimony of the officer and that of the plaintiff as to the plaintiff's sobriety; and there was a difference in the testimony as to the speed of the vehicle, the plaintiff stating that she was traveling about three-quarters of a mile per hour, while the officer estimated her speed at 20 to 25 miles per hour.

There was also testimony by the plaintiff that she had traveled past the scene of the accident 150 times before the accident without any trouble whatsoever. Such evidence might very well have been important as bearing on the question of the negligence of the plaintiff herself under the circumstances.

It appears that there is substantial evidence in the record which, if believed, would have supported a verdict for the defendant. The height of the defect, so far as the plaintiff's side of the case is concerned, was at least two inches. The defendant produced evidence which, if believed, would put the alleged defect in or close to that class of defects which is not dangerous or defective as a matter of law. If the officer had been believed it might well have been established that the plaintiff was under the influence of intoxicating liquor, and that such condition proximately contributed to the accident and injury. In fact, there is evidence in the record which might well have convinced the court that the plaintiff's description of how the accident occurred was inherently improbable or contrary to the laws of nature.

At the conclusion of the testimony in the plaintiff's case, the defendant made a motion for a nonsuit, which was denied. At the conclusion of all of the testimony the defendant made a motion for a directed verdict, which was denied. A verdict was thereafter returned in favor of the plaintiff.

Defendant then presented a motion for judgment notwithstanding the verdict and a motion for a new trial if the former motion was denied. Pursuant to stipulation, one argument was had, addressed to both motions, with the agreement that

if the motion for judgment notwithstanding the verdict was denied, the court could then determine without further hearing the motion for a new trial. The motion for a judgment notwithstanding the verdict was denied and the motion for a new trial upon the grounds of insufficiency of the evidence to sustain the verdict was granted, and a proper formal written order was signed by the trial judge and filed.

The appellant asserts that the question involved is, ''Whether or not the defect in said sidewalk was a dangerous or defective condition as required by the Public Liability Act?'' We believe, however, that the question so far as we are concerned is, has the appellant demonstrated a clear abuse of discretion on the part of the trial judge in granting respondent's motion for a new trial?

█ It has repeatedly been held that the trial judge, in passing upon a motion for a new trial, is not bound by conflicts in the evidence and that, in effect, he sits as a thirteenth juror with a duty of reviewing the evidence and passing upon its sufficiency. (*Olinger* v. *Pacific Greyhound Lines*, 7 Cal.App.2d 484 [46 P.2d 774]; *Grover* v. *Sharp & Fellows, etc., Co.*, 66 Cal.App.2d 736, 737 [153 P.2d 83].)

█ This court stated in *Hargrave* v. *Acme Tool & Tester Co.*, 145 Cal.App.2d 469, at pages 471-472 [302 P.2d 592]:

''After the jury's verdict for the plaintiff, the trial judge, as he is required to do upon a motion for a new trial, considered the credibility of the witnesses and the weight of the evidence, drew his own inferences, and made his independent conclusions therefrom. The fact that he considered the evidence sufficient to justify his denial of defendants' motions for nonsuit, for directed verdict and for judgment notwithstanding the verdict did not preclude the trial judge from granting defendants' motion for a new trial upon his own appraisal of the evidence. (*Woods* v. *Walker*, 57 Cal.App.2d 968, 971 [136 P.2d 72] . . .; *Kalfus* v. *Fraze*, 136 Cal.App.2d 415, 430 [288 P.2d 967] . . .)

.   .   .   .   .   .   .   .   .   .   .   .

█ ''An order granting a new trial will not be reversed on appeal unless an abuse of discretion on the part of the trial judge is affirmatively shown or manifestly appears. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689] . . .) No such showing has been made in the instant action, and it would serve no useful purpose to discuss the many reasons shown by respondents why a new trial was properly granted.''

In *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, at pages 358-359 [170 P.2d 465], the court stated: ''All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338] . . ., and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. (Citing cases.) The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689] . . .; *Malloway* v. *Hughes*, 125 Cal.App. 573, 580 [13 P.2d 1062] . . . .)''

Substantially the same language is used in *Richardson* v. *Ham*, 44 Cal.2d 772, at page 775 [285 P.2d 269].

■ As we view it, the trial court reviewed and appraised the conflicting testimony, of which there was a great deal, and determined that justice was not done by the verdict of the jury, and thereupon granted the motion for a new trial. There was no abuse of discretion.

The order granting the motion for a new trial is affirmed.

White, P. J., and Doran, J., concurred.