[Civ. No. 23497. Second Dist., Div. One. Oct. 8, 1959.]

EDDIE JOE BROWN, a Minor, etc., et al., Appellants, v.
RELIABLE IRON FOUNDRY, INC. (a Corporation),
Respondent.

Thomas G. Neusom for Appellants.

No appearance for Respondent.

LILLIE, J.—This is an appeal from an order granting defendant's motion for a new trial in a personal injury action resulting in a verdict for plaintiffs. Respondent filed no brief, and the matter has been submitted upon the record and appellant's opening brief (rule 17(b), Rules on Appeal.) In such a case this court may assume the burden of reviewing the record. Unless there is absent any evidence which would support a judgment in favor of the moving party (*Hawk* v. *City of Newport Beach,* 46 Cal.2d 213, 219 [293 P.2d 48]), it becomes our duty to affirm.

The claims of Eddie, the minor plaintiff, and consequently those of his mother for medical expenses, are said to come within the "attractive nuisance" doctrine. The accident occurred on June 23, 1954, when Eddie was 13 years of age. The instrumentality causing the injury was an octagon-shaped tumbling barrel used by the defendant in the operation of its foundry business. It was anchored by steel or cast iron framework to the cement floor in a roofed shed about 150 feet from some sand piles, likewise on defendant's premises. By a spinning or revolving process the tumbler's primary function is to clean metal castings which, when first coming out of the foundry, are covered with mold sand. About 6 feet long and 35 inches in diameter, the machine is driven by a 10-horsepower motor hooked to V belts which turn the tumbler over at about 30 revolutions per minute; if an obstruction comes into contact with the machine, however, the belts will slip before the engine drives any further. During normal operation, it is totally enclosed with a metal top. Additionally, a trap door is dropped down from the overhead and another heavy door placed in front for the suppression of noise. Although its average load would exceed 3,000 pounds, at the time of the occurrence the tumbler contained between 800 and 1,100 pounds of material. The exact weight of the machine itself was never elicited; it was stated to be "at least a thousand pounds" and possibly as much as 2,000 pounds. Two control buttons are located in a "pushbutton station" about 4 or 5 feet from the cement floor; to start or stop the machine, the controlling button must be pushed in about a quarter of an inch.

Eddie and other minors, some younger and some older, secured access to the foundry yard at an ungated and unfenced

point in the rear of the premises. The plant was not then in operation, the day shift having gone off duty. The group started to play in the sand piles. While there was some testimony that children had been chased out of the yard for many years, no similar warning was given Eddie and his companions. As he and his friends were playing in the sand, other children entered the yard. It was noticed that they went into an open shed from where they shortly emerged with shiny steel balls. The minor plaintiff and the others then left the sand pile and entered the shed in which the tumbler was located. Eddie stated that he climbed into the open machine to secure some balls; as he did so, the tumbler tipped or fell over, pinning him underneath. Two adult witnesses for the plaintiff stated that they had to lift the machine off his back. It was further stated by a companion of Eddie that the control buttons for the machine were not touched or tampered with. The next morning, at 4:30, an employee of defendant found the motor running.

A motion for nonsuit was denied. At that time the court observed: ''Well, it isn't for me to try the fact here, to state what I believe or what I don't believe about this thing, so I won't do it at this time, except to say this: If I were trying the fact I'd certainly want some explanation as to why that machine loaded with steel balls rolled around.'' Continuing: ''I personally have doubt, I have a question mark in my mind as to whether this accident occurred as the plaintiff's witnesses say it occurred. The evidence shows that according to the plaintiff's witnesses that this boy leaned his weight over what would be the mouth of the tumbler there. A machine of that size, I have got a question in my mind as to whether the weight of a man would turn that thing and revolve it clear around so that he would go under it to the extent that much of his legs were sticking out. I have a question in my mind on the mechanical forces working that would cause the result that the plaintiff's evidence shows. . . . I don't say it didn't happen that way, but I'd say I would have a great big question mark up here as to whether it did.'' Subsequently the jury found in favor of the plaintiffs and a new trial was thereafter granted on the ground of the insufficiency of the evidence to support the verdict.

The sole issue for determination is whether the trial court abused its discretion in granting the motion it being contended that the evidence could not support any verdict other than that returned.

■ "In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony and weigh the evidence. (Citations). ■ In considering the sufficiency of the evidence upon such motion the court may draw inferences opposed to those drawn at the trial (citation) and where the only conflicts consist of inferences deduced from uncontradicted probative facts, the court may resolve such conflicts in determining whether the case should be retried. (Citation). ■ It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court (citation)" (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689]). ■ "The fact that he considered the evidence sufficient to justify his denial of defendants' motions for nonsuit . . . did not preclude the trial judge from granting defendants' motion for a new trial upon his own appraisal of the evidence" (*Hargrave* v. *Acme Tool & Tester Co.*, 145 Cal.App.2d 469, 471-472 [302 P.2d 592]).

A child trespasser, injured by a condition of the premises, may recover if his case comes within rule 339 of the Restatement of Torts. ■ Declared to be the law of this state (*Garcia* v. *Soogian,* 52 Cal.2d 107, 110 [338 P.2d 433]), the rule reads as follows: "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily injury to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein." [8] Whether there is a concurrence of all the foregoing conditions or factors is generally a question for the trier of fact (*Copfer* v. *Golden,* 135 Cal.App.2d 623, 630 [288 P.2d 90]) since different inferences may be drawn from the evidence as to the existence of one or more of these re-

quired conditions (*Courtell* v. *McEachen*, 51 Cal.2d 448, 458 [334 P.2d 870]).

 On the basis of the record before us, we are unable to say that the trial court, sitting as a thirteenth juror (*Smith* v. *City of Long Beach*, 150 Cal.App.2d 720, 723 [310 P.2d 470]), improperly concluded that the doctrine relied upon was inapplicable. In one of its most recent decisions involving the question, the Supreme Court declared: "It is apparent that the application of this rule depends upon a number of variable factors. The question of liability must be decided in the light of all the circumstances and not by arbitrarily placing cases in rigid categories on the basis of the type of condition involved without giving due consideration to the effect of all the factors in a particular situation." (*Garcia* v. *Soogian, supra,* 52 Cal.2d 107, 110 [338 P.2d 433].)

 As to the age factor, the trial court could well have drawn the inference that the minor was not a "young child" within contemplation of the rule. Prosser's latest article on the subject (47 Cal. L. Rev. 427) points out that no definite age limit is fixed, citing verdicts in plaintiff's favor which have been sustained as to infants of 13 and 14, and there are isolated instances of 15 and 16. The article makes reference to *Hoff* v. *Natural Refining Products Co.,* 38 N.J. Super. 222 [118 A.2d 714], wherein are collected cases at various age levels, including *Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176 [118 P. 700], under the classification "Issue for jury, 13 years." Although the court therein concluded that the field of liability is not susceptible of "facile categorization by age" (118 A.2d at p. 719), it is further declared that if the degree of maturity of the child be one on which fair-minded men could reasonably differ, then it becomes a jury question. On the present motion for a new trial, it was clearly within the trial court's province to determine that the minor under all the circumstances was not of an age that the doctrine was established to protect. While age is not conclusive in itself, it assumes importance as it bears upon the numerous other factors in the case (47 Cal. L. Rev., *supra,* 442).

Since fair-minded men could likewise reasonably differ with respect thereto, of necessity we must reach the same conclusion as to the other elements set forth in rule 339 such as the machine's lure to children, the foreseeability of their doing as the minor here did, the presence of a concealed or unknown danger and the balancing of risk against the instru-

mentality's utility to its owner. While there are situations where the doctrine of "attractive nuisance" has been held inapplicable as a matter of law (*Lopez* v. *Capitol Co.*, 141 Cal.App.2d 60, 65-66 [296 P.2d 63]), we know of none in this state wherein the opposite result has been reached—and that in effect is what the minor is now contending. ██ Furthermore, it is the generally accepted rule to restrict and limit, rather than extend, the doctrine of "attractive nuisance" (*Knight* v. *Kaiser Co.*, 48 Cal.2d 778, 784 [312 P.2d 1089]).

██ An even more compelling reason for an affirmance of the order appealed from is the apparent disbelief of the trial court that the accident happened in the manner described by the minor and his witnesses. The court's remarks on the motion for nonsuit have heretofore been quoted. Implicit in the subsequent granting of a new trial is the finding that justice was not done by the verdict of the jury. ██ "Positive testimony may be contradicted by inherent probabilities appearing therein and by inconsistent and inaccurate statements of the witnesses" (*Myles* v. *Los Angeles Ry. Co.*, 62 Cal.App. 2d 14, 17 [143 P.2d 972]). ██ Unquestionably the trial court believed that there was little, if any, probative force to the claim that a 13-year-old boy, weighing about 110 pounds, could tip or turn a cast iron tumbling barrel weighing almost a ton and loaded with 1,000 pounds of material. If the circumstances of the accident are inherently improbable, their foreseeability could hardly be actionable. Also, the testimony of a minor companion, the only witness who had any recollection of the actual accident, was inaccurate in a material respect. An adult witness for the plaintiff, confronted with an asserted statement made by him to another person, which might have proved damaging to the minor's case, stated he "did not remember." Of significance, too, is the fact that all of plaintiff's witnesses were relatives or friends—certain firemen, who were summoned to the scene, were never called and their absence never explained. Our function being to determine whether the trial court acted within its discretion when it discredited the testimony presented by plaintiff, we are satisfied that such discretion was not abused.

Since we believe that a judgment for defendant would not be lacking in evidentiary support, the order appealed from must be, and it is, affirmed.

Fourt, Acting P. J., and Shea, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.