[Civ. No. 19303.   First Dist., Div. Two.   Feb. 23, 1961.]

ROBBIE JOSLIN, a Minor, etc., Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Lewis & Stein, Field, DeGoff & Reiman and Marvin E. Lewis for Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Robert A. Seligson for Respondent.

STONE, J. pro tem.[*]—This appeal is from a judgment which followed an order sustaining defendant's demurrer without leave to amend. Since the judgment is based on the pleadings alone, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. We assume that plaintiff has epitomized the allegations of the complaint as advantageously as possible, so we accept his summary which is:

---

[*]Assigned by Chairman of Judicial Council.

"The complaint alleges in substance as follows:

"1. The defendant operated the train in question on a public city street in Redwood City, California.

"2. That the train was a freight train that moved at such a slow rate of speed that a child could easily jump upon it while it was so moving.

"3. That defendant knew or should have known that children daily and frequently played along the street on which said train so operated.

"4. That the slow moving train operating on the city street was attractive to children and tended to cause them to run alongside of it and to attempt to board it while the train was in motion and in fact children daily and frequently did so.

"5. That the above condition was a trap and constituted an attractive nuisance to children.

"6. That the defendant did not place any safeguards along the tracks nor did it place any guards to keep the children off the tracks, nor did it take any precautions whatsoever to keep said children from jumping on said trains nor did it station employees on either the side or the rear of the train to prevent children from jumping on same, and took no precautions whatsoever to keep children from jumping on the train.

"7. That the defendant with minimal cost, considering the risk of operating a slow moving train on said street and in a neighborhood where children were known to be playing and jumping on said train, could have

"(a) Stationed employees on either side of or to the rear of the train to keep the children from jumping on the same, or

"(b) Could have had employees walking along the side of the train as it proceeded along the city street, or

"(c) Need not have operated a train on a city street. .

"8. That on April 7, 1958, the plaintiff, a minor, was attracted to the slow moving freight train while said train was slowly moving along said city street in Redwood City, and the slow movement of the train did constitute a trap and was an attraction to plaintiff, because plaintiff, being a normal child and having the normal desire of a child of said age to jump on a slow moving train operated on a city street, did attempt to jump on and board said train and fell doing so under the wheels of said train, and as a proximate result thereof and of the said negligence of defendant, sustained the loss of his left leg."

Appellant makes no contention that had he been **allowed**

to amend his complaint he could have stated his cause of action any differently or more favorably than he has. He argues that his amended complaint as filed states a cause of action within the attractive nuisance doctrine and that the demurrer should have been overruled.

The attractive nuisance doctrine in California follows section 339 of the Restatement of Torts and the rule is summarized in *King* v. *Lennen*, 53 Cal.2d 340, p. 343 [1 Cal.Rptr. 665, 348 P.2d 98], as follows:

''The rule set forth in section 339 of the Restatement of Torts has been adopted as the law of this state with respect to the liability of a possessor of land for the death of or injury to a child trespasser. (*Garcia* v. *Soogian*, 52 Cal.2d 107, 110 [338 P.2d 433]; *Courtell* v. *McEachen*, 51 Cal.2d 448, 457 [334 P.2d 870]; *Reynolds* v. *Willson*, 51 Cal.2d 94, 103 [331 P.2d 48].) The section reads: ██ 'A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.' ''

These rules were discussed and applied in *Gutirrez* v. *Southern Pacific Co.*, 174 Cal.App.2d 866 [345 P.2d 326], a railroad case similar to ours. In that case, the plaintiff was a 14-year-old boy who had been run over while playing on the railroad right-of-way in the city of Stockton. A demurrer to the complaint was sustained, plaintiff declined to amend and judgments of dismissal were entered. Discussing the complaint in the light of clause (c) of section 339 of the Restatement, the court said at page 869:

██ ''We doubt if plaintiffs' allegations meet the requirements of clause (c) of section 339: 'the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area

made dangerous by it.' Here the danger was obvious, that of moving railroad trains. No adult in possession of his faculties could claim nondiscovery of the danger or non-realization of the unreasonable risk which entering the area, or intermeddling, would entail. It is difficult to imagine that a 14-year-old boy of average intelligence would be lacking in similar powers of perception. There is no suggestion that this 14-year-old is subnormal in any respect.''

Defendant contends the reasoning of Gutirrez is applicable to the case before us and we are inclined to agree. The dangers of being near a moving train, let alone attempting to board it, are so patent that we shall not burden this opinion with a discussion of them. Suffice it to say that we believe such dangers should have been obvious to a 12-year-old boy. It is not the purpose of the attractive nuisance doctrine to lend relief to the youngster who knows or is capable of realizing the possible calamitous consequences of a dangerous act, but nevertheless dares to undertake it. The plain and unambiguous language of clause (c) of section 339 makes it clear that only children who ''because of their youth do not discover the condition or realize the risk involved'' are protected.

Since the plaintiff was 12 years old at the time of the accident, it appears that the quoted language of *Gutirrez* v. *Southern Pacific Co.* is applicable. The case also comes within the rationale of *Garcia* v. *Soogian,* 52 Cal.2d 107 [338 P.2d 433], where it is said at pages 112-113:

''As we have seen, the panels containing windows were heavy and were firmly stacked a considerable distance from the street in such a manner that the glass could be reached only at the top of the piles, 24 to 30 inches from the ground. The chance was slight that a child of plaintiff's age would fail to see the glass or appreciate what risk was presented, and there is no evidence that plaintiff was of less than average intelligence for her age. It may be, as plaintiff in effect testified, that, because it was getting dark, she did not see the glass before jumping, but defendants could not reasonably be required to foresee that there was any substantial likelihood that a normal child of more than 12 would not appreciate the danger of jumping over a large pile of building materials when darkness prevented sufficient perception of the nature of the obstacle. In the light of the undisputed facts now before us, there is no sound basis for concluding that the condition which caused plaintiff's injury should have been

recognized as constituting an unreasonably great risk of serious bodily harm which plaintiff was unable to discover or appreciate because of her immaturity. Accordingly, the evidence did not warrant a recovery by plaintiff.''

It is true, as plaintiff argues, that each case must turn upon its own facts but the plaintiff has the burden of pleading facts which bring the case within clause (c) of section 339. If he contends there are peculiar or unusual facts which take the case out of the rule laid down by Garcia and Gutirrez, he must plead them. He cannot hope that the facts will develop favorably during the trial. To state the proposition conversely, the plaintiff has the burden of alleging facts which bring the case within the attractive nuisance doctrine, including clause (c), since the doctrine is an exception to the general rule of liability of a possessor of property to a trespasser.

Plaintiff points out that his complaint alleges simply that he is a minor and that the court is confined to the allegations of the complaint. Therefore, he argues, the court may not consider the complaint in the light of clause (c). Yet, it is alleged that on April 6, 1959, plaintiff was 13 years of age and that the accident occurred April 7, 1958. Thus, it can be deduced from the face of the complaint that plaintiff was a boy of 12 years of age when the accident occurred. ██ Even though we were to accept plaintiff's argument that the complaint does not state the child's age and that the court may not consider defendant's argument regarding clause (c), nevertheless the judgment must be affirmed because plaintiff has failed to state a cause of action within the requirements of clause (d) of section 339 of the Restatement. Clause (d) reads as follows: ''(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.''

Many miles of railroad track run on or along streets and roads in California. To fence rights-of-way on public streets would be impractical if not an unlawful obstruction of public thoroughfares. Recognizing this, plaintiff suggests that railway companies should employ guards and station them alongside the tracks to prevent youngsters from jumping on trains. We think this proposed safeguard impractical and unreasonable. Guards would be required on both sides of the tracks, of course, and in some instances for a matter of miles. If guards were furnished for the length of the train only, they would then be required to run beside the train as long as it traveled on a street or road.

The problem presents other ramifications which must be considered. It seems more reasonable to expect children to play on an open right-of-way running through a residential or a suburban area than on a city street used for vehicular traffic. Thus, were the attractive nuisance doctrine applied in the case of a train traveling on a street, and on those facts alone, it would be equally applicable to trains traversing populated areas. Dwellings flank hundreds of miles of right-of-way in California and the sight of children playing on a right-of-way is not uncommon. To hold that railways must install child-proof fences or to police the right-of-way in order to prevent children from being attracted to moving trains, would place an unreasonable if not an intolerable burden upon the possessor maintaining the condition. In light of section 339, clause (d), such burden cannot be said to be ''slight as compared to the risk to young children involved therein.''

We are mindful of the rule that attractive nuisance cases are not to be arbitrarily placed in rigid categories on the basis of the type of condition involved and that the facts peculiar to each case are determinative (*Garcia* v. *Soogian,* 52 Cal.2d 107, 110 [338 P.2d 433]; *Woods* v. *City & County of San Francisco,* 148 Cal.App.2d 958, 964 [307 P.2d 698]).

We simply hold that in the absence of peculiar or unusual facts, which we do not find pleaded in this case, the allegation that there was a train moving along a public street, however slowly, does not state a cause of action within clause (d) of section 339 of the Restatement of Torts.

Appellant has also appealed from the order sustaining the demurrer to plaintiff's complaint without leave to amend. This is a nonappealable order and the appeal therefrom is dismissed.

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1961. Peters, J., was of the opinion that the petition should be granted.