[Civ. No. 7034. Fourth Dist. Apr. 18, 1963.]

RONALD HARRY BRISTOL, Plaintiff and Appellant, v. EILIENE BERNICE BRYAN, Defendant and Respondent.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Rosen & Kuehn and Stanley L. Rosen for Plaintiff and Appellant.

Banyard, Portigal & Hayden and Allan Portigal for Defendant and Respondent.

GRIFFIN, P. J.—This is an action by plaintiff-appellant for personal injuries and property damage arising out of a vehicle collision at an intersection. Plaintiff-appellant Ronald Harry Bristol alleged that defendant-respondent Eiliene Bernice Bryan negligently operated her car and that defendant City of Fullerton negligently maintained the public highways and the public property where the accident occurred. Defendants denied that they were negligent and asserted the defense of contributory negligence. The trial court granted a nonsuit as to defendant city. This order is not involved in the appeal. The jury returned a verdict for $30,000 for the plaintiff and against defendant Bryan. The trial court granted a motion for new trial on the grounds that the evidence was insufficient to sustain the verdict. Plaintiff appeals from this order.

The evidence discloses that on February 7, 1959, at about 4 p.m., plaintiff was riding a small motorcycle in an easterly direction on Amerige Street in Fullerton. The defendant was driving south on Lawrence Street toward the intersection of that street with Amerige Street. Both plaintiff and defendant testified that they first stopped their vehicles at a boule-

vard stop one block away from the intersection where the accident occurred and then proceeded.

The intersection here involved was not a boulevard stop intersection. It was in a residential area of the city and visibility was obstructed in such a fashion that the speed limit through the intersection was 15 miles per hour.

Plaintiff testified that when he was 100 feet from the intersection, he looked to his left and saw no oncoming traffic on Lawrence Street; that he then looked to his right and did not look to his left again prior to the collision; that he first saw the Bryan vehicle right in front of him when he was on the west edge of the intersection; and that at that time he was going between 15 and 20 miles per hour. Defendant Bryan testified that she slowed down prior to entering the intersection because of a dip in the road; that as she drove through the dip her speed was less than 5 miles per hour; that before entering the intersection she looked to her left and to her right; that she saw no vehicles in either direction; and that her first knowledge of the accident was seeing plaintiff lying on the street.

Apparently, the front of plaintiff's motorcycle ran into defendant's car just in front of the right front door. Plaintiff's motorcycle was damaged to the extent that the handle frame was bent underneath the gas tank, the seat was broken off and the front fork was pushed back against the engine. The Bryan vehicle was damaged on the right front door and the top. The right steering tie rod was broken.

Plaintiff's main contention is that there was not substantial evidence to support a judgment for the defendant and therefore the trial court abused its discretion in granting a new trial.

Defendant urges that there is ample evidence from which the trial court could have inferred that the plaintiff was guilty of contributory negligence or that the defendant was not negligent, and therefore the order granting the new trial is supported by the evidence. The evidence is susceptible of this interpretation. There is a possible interpretation that defendant Bryan's car was past the center of the intersection when struck by plaintiff's motorcycle and may have had the right-of-way at the time plaintiff entered the intersection. (Veh. Code, § 21800, subd. (a).) Police officers testified that from certain skid marks they could estimate the possible speed of the respective vehicles. One placed the speed of defendant's car as being in excess of the prima facie allowable speed,

based on a skid mark of 46 feet. On cross-examination, he said his statement was based on four locked skid marks of 46 feet and since there was only one skid mark, the Bryan car could have been going only 15 miles per hour. The damage to plaintiff's motorcycle and to the car may well indicate that plaintiff was exceeding 15 miles per hour at the intersection.

The fact that the plaintiff went the last 100 feet to the intersection without again looking to the left, and only saw the defendant's car for the first time when it was directly in front of him, when to look before would show that it was visible, was a matter the court could consider in determining whether plaintiff was contributorily negligent.

■ Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial upon the grounds of insufficiency of the evidence. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]; *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110 [142 P.2d 29]; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165 [153 P.2d 338].)

■ Plaintiff also contends that because the court would not grant defendant Bryan's motion for a directed verdict, it was an abuse of discretion for the court to grant the motion for a new trial. This contention is without merit. (*Hargrave* v. *Acme Tool & Tester Co.*, 145 Cal.App.2d 469 [302 P.2d 592].)

■ Plaintiff next urges that the trial court erred by receiving in evidence affidavits impeaching the jury's verdict. Apparently, in support of one of the points urged in his motion for a new trial, the defendant's attorney submitted the affidavit of Kay Blackman, the husband of one of the jurors. In his affidavit, Mr. Blackman stated that during the trial he accompanied his wife to the scene of the accident where they made various observations and tests to investigate the veracity of testimony which had been offered at the trial. Defendant urges that even if the trial court erred in receiving the affidavit, the error is not prejudicial because the new trial was not granted on account of any misconduct on the part of any member of the jury. This argument is meritorious. Defendant also states that even if the issue was properly before the appellate court, the trial court's consideration of the affidavit would be authorized under the recent decision of *Sopp* v. *Smith* (Cal.App.) 22 Cal.Rptr. 436. This holding was over-

ruled in *Sopp* v. *Smith*, 59 Cal.2d 12 [27 Cal.Rptr. 593, 377 P.2d 649].

The plaintiff's last argument is that the trial court erred in refusing his counsel the opportunity to orally argue during the hearing of the motion for new trial. The record indicates that the court asked counsel if they had set out all of the grounds in their papers. Counsel made an affirmative reply. Counsel for *defendant* requested permission to argue. The court stated that it was well acquainted with the facts and required no argument. The court, on its own initiative, gave each side five days in which to submit any additional authorities they might wish the court to consider. Plaintiff's counsel did not ask the court to hear argument. It cannot now be said that the court erred in determining the motion without hearing argument. There is no requirement that an opportunity for oral argument be given on a motion for a new trial. (*Silver* v. *Schwartz*, 142 Cal.App.2d 92 [297 P.2d 1018]; Code Civ. Proc., § 661.)

Order granting new trial affirmed.

Coughlin, J., and Brown (G.), J., concurred.