[Civ. No. 27287.   Second Dist., Div. One.   Dec. 2, 1963.]

LEONARD L. SMITH, a Minor, etc., Plaintiff and Appellant, v. SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

Jones & Weldon and Charles R. Weldon for Plaintiff and Appellant.

E. D. Yeomans, William E. Still and John J. Corrigan for Defendant and Respondent.

FOURT, J.—This is an appeal by plaintiff from a judgment entered after the trial court granted defendant's motion for summary judgment in an action for personal injuries. Plaintiff, a 15-year old minor, sustained the injury when he attempted to hitch a ride on defendant's train, lost his hold and fell underneath a moving freight car.

The chronology of significant events is as follows:

On March 29, 1962, plaintiff filed his complaint for personal injuries. Therein it was alleged in substance that defendant owned and operated a railroad right of way through the City of Norwalk; that at the time of the injuries complained of and for many years prior thereto the defendant's tracks and spur lines through the area were regularly, habitually, frequently, continuously and commonly used by children of the community as a common playground; that the use by the children was at all times well known to defendant; that at the time of the injuries and for many years prior thereto children of the community regularly, habitually, frequently, continuously and commonly would jump upon, play upon and ride upon the freight cars to such an extent that the custom became well and generally known to the people and children in the community and was at all times known to the defendant. That on or about May 1, 1959, at or about 7:55 a.m., plaintiff, then 15 years of age, together with other children in the course of traveling to high school, was playing in and around the railroad spur line; that at that time a train of freight cars operated by the defendant's employees was operating along the track; that as the freight train proceeded the employees of defendant observed, or should have observed in the exercise of ordinary care, the plaintiff and other children playing and walking on, about and near the railroad line and "at said time and place the plaintiff attempted to hitch a ride on said train, lost his hold, fell underneath the moving freight car and suffered injuries. ..." That the injuries to the plaintiff were the result of carelessness, recklessness and negligence of the defendant herein. That as the said freight train proceeded through the above mentioned area, the employees of defendant observed or should have in the exercise of ordinary care observed the plaintiff and the other children playing and walking on, about and near the said railroad line. At said time and place the plaintiff attempted to hitch a ride on said train, lost his hold, fell underneath the moving freight car and suffered injuries as more particularly set forth hereinafter; that the

injuries to the plaintiff were the result of the carelessness, recklessness and negligence of the defendant herein (a) in failing to anticipate and guard against the actions of the plaintiff and children in said area in attempting to board defendant's train, (b) in failing to have one of its employees stationed at a point on the train to prevent children playing on said trains or track, (c) in failing to enclose the said area and post adequate barriers, barricades and obstructions to prevent its use by the plaintiff and other children and failure to post a watchman to prevent children from using the said area and the trains passing through as a playground, (d) in failing to use due care under the circumstances to avoid injuring the minor plaintiff after having knowledge of his presence alongside the train, (e) in assenting to the children of the community playing in and about the said area and in and about the freight trains passing through the said area, (f) in knowingly allowing children to play about and ride on said freight trains, (g) in failing to have a watchman on said train when defendant knew or should have known that the children of the community jumped on the passing freight cars which were dangerous to them.

Defendant Southern Pacific Company filed its answer on May 4, 1962. Among other things it admitted that on or about May 1, 1959, plaintiff was then 15 years old and was injured while jumping on and off one of defendant's moving trains traveling along upon its private railroad right of way; that plaintiff attempted to hitch a ride on the train and lost his hold and fell under the moving freight car. Defendant asserted as a second separate distinct answer and defense that plaintiff was contributorily negligent and as a third affirmative defense that plaintiff "assumed the risk in connection with the accident alleged to have given rise to his injuries by voluntarily placing himself on the railroad tracks and railroad train of the defendant located on the defendant's private railroad right of way at or about 7:55 a.m. on May 1, 1959; that the nature and condition of said premises, right of way and railroad train allegedly under the control of the defendant at the times and places referred to in the plaintiff's complaint and the dangers inherent by such conditions were fully known to the plaintiff and fully understood and appreciated by him, and he freely and voluntarily assumed the risk attendant upon such conditions as they existed during the times referred to in the plaintiff's complaint."

On January 11, 1963, defendant filed a notice of motion for summary judgment. It was indicated therein that defendant would move for a dismissal of plaintiff's complaint and entry of summary judgment and/or judgment on the pleadings "on the grounds that, as a matter of law, plaintiff has failed to state a claim as against the defendant ... upon which relief can be granted to the plaintiff. Said motion will be made on the following additional grounds: That, at the time and place of the accident alleged in the plaintiff's complaint, the defendant, Southern Pacific Company, as a matter of law, was not guilty of negligent conduct, and on the further ground that the plaintiff was negligent and assumed the risk as a matter of law and that his negligence was a proximate cause of the accident. Said motion will be based upon all of the records, papers and files in this case, the depositions of Leonard L. Smith and Alma E. Dunworth, the originals of which are in the possession of the attorneys for the plaintiff and which the defendant requests be filed for consideration in connection with this motion, the affidavit of John J. Corrigan, as well as the memorandum of points and authorities, copies of which are attached to this motion and served herewith."

The affidavit of John J. Corrigan in support of the motion for summary judgment provides in substance that he is one of the attorneys representing defendant, that on August 2, 1962, at 10 a.m. he took the deposition of plaintiff and his guardian *ad litem*, that Alma E. Dunworth, the mother and guardian *ad litem* of plaintiff, testified that for two years prior to the accident referred to in plaintiff's complaint, plaintiff and she along with the rest of the immediate family resided on Ringwood Street in Norwalk, California; she further testified that behind the house during that time and at the time of the accident there was a chain link fence, behind the fence was the railroad right of way in question; that prior to the accident she had told plaintiff not to go onto the right of way or railroad track, she testified that plaintiff was an average student in school and that on occasion he had had the responsibility of taking care of her younger children; that he had the ability to respond to and follow her warnings; that the plaintiff Leonard L. Smith testified that at the time of the accident he was 15 years of age, that he lived at the Ringwood Street address for two years before the accident, that at the back of the house separating it from the right of way there was a 5 to 6-foot chain link fence. He

testified that prior to the accident his mother had told him to stay away from trains, not to walk on the railroad track and that she had been telling him that ever since he lived at the Ringwood Street address, that prior to the accident he knew it was wrong, dangerous for him to jump on trains, that he knew his mother did not want him to walk on the railroad track, that there were "no trespassing" signs on the right of way before the accident. He further testified that just before the accident he climbed the chain link fence behind his house and started walking onto the right of way, that as he was so walking a freight train of 25 cars passed him going 10 to 15 miles per hour, that at that time he was walking in a ditch alongside the tracks, that after 8 or 10 railroad cars passed him he jumped on a railroad car loaded with lumber, that as he jumped on the car the train did not jerk or jolt but continued at a steady, fluid movement, that later he jumped off while the train was moving about 20 miles per hour and at that time there was no jerk or jolt of the train but still a steady fluid movement, that when he jumped he fell under the train. He further testified that from his house to the school where he was going at the time of the accident there was a sidewalk and pedestrian bridge which he could have walked on instead of the right of way. The depositions of Alma E. Dunworth and Leonard L. Smith were incorporated by reference and made a part of the affidavit.

On January 11, 1963, Danny R. Jones, one of the attorneys representing plaintiff, filed his affidavit in opposition of the motion for summary judgment. Jones in his affidavit did not controvert the allegations contained in Mr. Corrigan's affidavit. The gist of Mr. Jones' affidavit was to show that defendant railroad was aware of the fact that children were often in the area playing around the trains, trying to hop rides onto the trains, and that it was common knowledge among train crew members to expect children in that area, that the area was continuously used by them as a route to and from school. A copy of a deposition of Mr. William Franklin Stevens was attached to and made a part of Mr. Jones' affidavit. It is then asserted in the affidavit that the complaint on file "states a meritorious cause of action, and that there are triable issues of fact for the consideration of the court or jury; particularly, but not exclusively, the issue of fact as to whether or not the plaintiff Leonard L. Smith stood in the position of a continuous trespasser upon a limited area, and, if he was, whether the defendants discharged their duty of care owed to such a person."

On January 18, 1963, the trial judge granted defendant's motion for summary judgment. Judgment was entered January 28, 1963, and the within appeal followed.

██ Plaintiff's first contention is that the trial court erred in granting defendant's motion for summary judgment because there were questions of fact as to whether the defendant was negligent, and as to whether the plaintiff was contributorily negligent.

Defendant takes the position that plaintiff is proceeding upon the theory of attractive nuisance and defendant cites the cases of *Herrera* v. *Southern Pac. Ry. Co.*, 188 Cal.App. 2d 441 [10 Cal.Rptr. 575] ; *Gutirrez* v. *Southern Pac. Co.*, 174 Cal.App.2d 866 [345 P.2d 326] ; and *Joslin* v. *Southern Pac. Co.*, 189 Cal.App.2d 382 [11 Cal.Rptr. 267], for the proposition that plaintiff cannot prevail in an action predicated upon the attractive nuisance doctrine. Plaintiff, on the other hand, denies that he is proceeding under the attractive nuisance doctrine and asserts that his theory is that he is a continuous trespasser upon a limited area and that as such he is elevated to the status of a licensee. Defendant's affidavit in support of the summary judgment establishes that plaintiff both voluntarily and knowingly exposed himself to an obvious danger—assumption of risk. ██ Where a defendant's affidavit establishes a complete defense to plaintiff's action and the plaintiff's affidavit in reply does not show a triable issue of fact with respect to that defense no amount of factual conflicts upon other aspects of the case will affect the result and the motion for summary judgment should be granted. (*Security First National Bank* v. *Ross*, 214 Cal. App.2d 424, 432 [29 Cal.Rptr. 538] ; *Tell* v. *Taylor*, 191 Cal. App.2d 266, 269 [12 Cal.Rptr. 648] ; *Keylon* v. *Kelly*, 188 Cal.App.2d 490, 493 [10 Cal.Rptr. 549] ; *Martelli* v. *Pollock*, 162 Cal.App.2d 655, 660 [328 P.2d 795].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied December 20, 1963, and appellant's petition for a hearing by the Supreme Court was denied January 29, 1964.