[Civ. No. 9650. Second Appellate District, Division One.—March 4, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. OIL WELL SUPPLY COMPANY OF CALIFORNIA (a Corporation), Appellant.

Joseph J. Rifkind for Appellant.

Freston & Files, Ralph E. Lewis, Louis Ferrari and Edmund Nelson for Respondent.

DORAN, J.—The predecessors in interest of the plaintiff and respondent lent the Lakeview Oil and Refining Company the sum of $140,000, secured by a note in the usual form, executed by said Lakeview Oil Company. On the same date, and in connection with said loan, and as a part of the same transaction, appellant guaranteed the payment of a portion of said loan in the sum of $15,148, less 10.82 per cent on any amount paid on account by the maker of the note, pursuant to a collateral agreement entered into between the maker and the bank and approved by the guarantors, by the terms of which agreement the maker was permitted to reduce the principal obligation from time to time before maturity.

This action is by the bank on the guaranty, the maker having defaulted.

Plaintiff made a motion for a summary judgment on the grounds that the answer set up no valid defense and that the defense pleaded was frivolous, sham, etc., and supported said motion by several affidavits, to which defendant and appellant filed counteraffidavits. The trial court granted the plaintiff's motion and judgment was entered accordingly. A motion to vacate the order for summary judgment was denied, whereupon defendant appeals from the judgment, the order granting the motion for summary judgment and the order denying the motion of defendant to vacate the order for summary judgment.

As a second separate and distinct defense it was alleged by defendant on information and belief that plaintiff had not received nor determined the exact amount which said plaintiff was *entitled* to receive from the Lakeview Oil and Refining Company under the terms of the collateral agreement, and for that reason plaintiff could not determine what, if any, amount was due from the defendant; and, that the defendant could not pay plaintiff until defendant had received an account showing the exact amount to which plaintiff was *entitled* under said collateral agreement, for which reason the action was prematurely brought.

As a third separate, distinct defense the defendant alleged that plaintiff had neglected to use reasonable or any means,

legal or otherwise, in order that it might receive the proceeds referred to in said collateral agreement; that plaintiff had permitted the Lakeview Oil Company to use money for other purposes which should have been applied on the payment of the note, thereby voluntarily parting with the security to which it had first to resort, as a result of which, it is urged by the defendant, the guaranty was unenforceable.

As a fourth separate and distinct defense it was alleged that the complaint did not state a cause of action.

It is also urged by the appellant that the court abused its discretion in granting the motion for summary judgment because the sum sought to be recovered was unliquidated; and that for the reason that the defendant and appellant was denied the right to a trial by jury, the right to subpoena witnesses, and the right to cross-examine plaintiff's witnesses, the provisions of section 437c of the Code of Civil Procedure are unconstitutional.

The note in question was in the usual form. The guaranty provides that the guarantors "hereby unconditionally guarantee (subject to the limitations as to amount as hereinafter stated) unto the Merchants National Trust and Savings Bank of Los Angeles", etc., and further quoting from the guaranty: " . . . notwithstanding any agreements, extension or other stipulation which may be made or entered into by and between the Lakeview Oil and Refining Company and said Merchants National Trust and Savings Bank of Los Angeles or its successors or assigns and the undersigned hereby consents thereto without any diminution or change of liability hereunder".

The guaranty further provides, quoting therefrom, that: "The undersigned" (referring to the guarantors) "further agree that the Merchants National Trust and Savings Bank of Los Angeles may enter into any stipulation or agreement with the Lakeview Oil and Refining Company for the payment of the principal or interest or both at a time prior to the due date thereof as shown by the promissory note or renewal note herein mentioned." And further quoting from the guaranty: "This guarantee shall be binding unconditionally upon the undersigned, but that the undersigned shall be liable under this guarantee only to the extent of the amount set opposite the name of the respective guarantor, to-wit: . . . Oil Well Supply Company of California $15,148.00 . . . The liability

under this guarantee to the extent of the amount set opposite the names of the guarantors herein shall, in event any payment is made on the principal by the makers of the note, or in the event any collection or recoveries from any other source by said Bank be decreased to the following extent, to-wit: . . . the liability of the Oil Well Supply Company of California shall be decreased by 10.82% of such amount paid or such recovery or collection, as the case may be.''

The collateral agreement between the bank and the Lakeview Oil and Refining Company merely provided for the payment by the oil company to the bank of the income of certain oil wells, and, quoting from the agreement: ''That this agreement is entered into for the purpose of enabling the second party to reduce the principal obligation before the date of maturity and further to further insure the ultimate payment of said note.''

The note, guaranty and collateral agreement set out in full in the complaint are clear, certain and unambiguous. The guaranty is unconditional and unaffected by the collateral agreement except to the extent that the amount due under the guaranty might be diminished. The separate defenses above referred to are pure sham, irrelevant, without merit and raise no valid issue.

The debt need not necessarily be liquidated to be subject to the provisions of section 437 of the Code of Civil Procedure.

The note, by endorsement on the back thereof, acknowledges the payment of certain amounts on the principal. The answer denies on information and belief that such amounts are the only amounts received by the bank on account of the principal. This denial presents the only issue raised by the pleadings.

The affidavits filed by plaintiff in support of its motion for summary judgment fully complied with the requirements of section 437c of the Code of Civil Procedure. Defendant filed three affidavits in opposition to the motion and nowhere in any of such affidavits does the defendant set forth any facts or evidence, direct or indirect, that support, or are available to support, the defense that the payments on the note as alleged in the complaint were not the only payments made. The only reference to this subject is the following quotation

from one of defendant's affidavits: "That the payments by the principal upon said promissory note were made directly to the bank and by reason thereof the dates, amounts and method of application upon said promissory note are not within the knowledge of this affiant or the Oil Well Supply Company. That affiant as an auditor states that the only way that the date, amount and method of application of any payments received upon said promissory note *can be verified* is by an examination of the books, records and accounts of the bank covering said transactions with said principal, or the books, records and accounts of the principal or the Receiver in Equity thereof.'' (Italics added.)

It was the defendant's privilege, under section 437c of the Code of Civil Procedure, to set forth the claim, by proper averments, that there was available at least the semblance of a defense; having failed to do this the trial court justly concluded that there was no defense to the action.

Section 437c is purely a procedural statute, doubtless designed to protect the rights of the plaintiff, in actions of the character specified in the statute, from the harassing delays that ordinarily accompany evasive, spurious and meritless defenses. It likewise promotes and protects the administration of justice, and none of the evils complained of by appellant can reasonably be attributed to its provisions. The only question that can possibly arise from its application is, whether or not the trial court abused its discretion. The determination of this question is to be found from an inspection of the pleadings and the affidavits supporting and opposing the motion. The contention, therefore, that it offends the Constitution in the manner hereinbefore mentioned, is without merit. Such legislation has been upheld uniformly as against constitutional attack of the same character relied upon by appellant. (See *People's Wayne Co. Bank* v. *Wolverine Box Co.*, 250 Mich. 273 [230 N. W. 170, 69 A. L. R. 1024].)

The objections pointed out by appellant do not follow from the alleged inherent invalidity of the section, but from the improper application of its provisions. Its inappropriate application is but an error of judgment or abuse of discretion, for which, without disturbing the validity of the section, the law affords adequate protection.

█ As hereinbefore stated, appellant, in the lower court, moved to vacate the order for summary judgment, which motion was denied, and an effort is made to appeal from this order as well as from the order granting the motion for summary judgment. These orders are not appealable. Appellant's only remedy under the circumstances is an appeal from the judgment. The disposition of the action by the trial court was a trial under the law and the so-called motion to vacate the order granting the summary judgment was, in legal effect, a motion for a new trial. This motion was denied and the order denying such a motion is likewise not appealable. The appeals, therefore, from the orders above mentioned are dismissed.

█ The judgment allows attorneys' fees, which was error, as the guaranty makes no provision therefor; there is also an error of $259.32 in favor of plaintiff in computing the 10.82 per cent of the amount paid on the note. These errors are evident, and it does not appear that appellant called them to the attention of the lower court at the time the motion for a new trial was made; therefore, as to these items, appellant has accomplished nothing by this appeal that could not have been accomplished without appeal, as a result of which respondent is entitled to costs and it is so ordered.

The judgment is affirmed, with the direction that it be reduced in the two amounts above specified.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1936.