[Civ. No. 11604. Second Appellate District, Division One.—November 15, 1938.]

LUSANNAH C. SHEA et al., Respondents, v. J. B. LEONIS, Sr., et al., Defendants; BOYLE AVENUE INVESTMENT COMPANY (a Corporation), Appellant.

Gibson, Dunn & Crutcher and Ira C. Powers for Appellant.

Chapman & Chapman and Decoto & St. Sure for Respondents.

WHITE, J.—Plaintiffs made a motion for summary judgment against defendant Boyle Avenue Investment Company under section 437c of the Code of Civil Procedure, which provides in part as follows:

"When an answer is filed . . . if it is claimed that there is no defense to the action, on motion of the plaintiffs . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend. . . ."

In support of their motion plaintiffs presented an affidavit, and defendant company filed two in opposition. The motion was granted, and defendant Boyle Avenue Investment Company appeals.

It is first contended by appellant that the affidavit of Willard W. Shea, one of the plaintiffs, which constituted the only evidence offered in support of the motion, is insufficient, for the claimed reason that it fails to negative the defense of a surrender of the lease as set up in the defendant's answer. Section 437c of the Code of Civil Procedure requires that the affidavits in support of the motion must contain "facts sufficient to entitle plaintiff to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto". In so far as it is pertinent in connection with the defense of alleged abandonment and surrender of the lease, the plaintiff Shea in his affidavit states:

"That plaintiffs, or any of them, have not accepted any surrender of the lease relied upon in the complaint of this action, nor have they entered into any agreement to accept a surrender of said lease;

"That at no time since the execution of said lease have plaintiffs, or any of them, taken or assumed possession of the property covered by said lease, or assumed, or attempted to assume, any of the authority of ownership or control over the same, nor have they done any act inconsistent with the landlord-tenant relationship existing between themselves and defendant Boyle Avenue Investment Company;

"That defendant Boyle Avenue Investment Company has not tendered any surrender of the property covered by said lease, or of the lease itself, to plaintiffs, or any of them, and

said lease at all times mentioned in said complaint and in this affidavit has been and now is in full force and effect;

"That defendant Boyle Avenue Investment Company has paid no monthly or other rental payments under said lease since the month of June, 1932, . . . ''

Upon this appeal appellant asserts that the statements in this affidavit that plaintiffs have not accepted surrender, have not taken possession or exercised dominion over the property, or done any act inconsistent with the landlord-tenant relationship; that the defendant has not tendered any surrender of the property, and that the lease is now in full force and effect, are mere conclusions of law and fact which would not be admissible at the trial of the action, and do not therefore constitute evidentiary facts stated with particularity sufficient to meet the requirements of the statute. Conceding that certain of the averments in plaintiff Shea's affidavit represent an opinion or conclusion of the affiant, yet when considered as a whole, the affidavit, containing as it does averments as to the admissions by appellants in their answer of every material allegation of the complaint, except for a denial of any existing default, or that any money is due from appellant to plaintiffs under the lease; and when appellant in its answer relies in the main, if not alone, upon a claimed abandonment and surrender of the lease to respondents and an acceptance by the latter of such surrender, we are constrained to hold that plaintiff Shea's affidavit presents sufficient facts of evidentiary character to require defendant company to resist the motion for a summary judgment by counter-affidavits to show some degree of merit in its proffered defense. A motion for summary judgment is not a trial upon the merits. It is merely to determine whether there is an issue to be tried.

We come now to a consideration of appellant's affidavits in opposition to the motion. As to a defendant's affidavit, section 437c requires that the facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. Of the two affidavits filed by appellant, one is by J. B. Leonis, Jr., president of appellant company, and therein affiant states, in so far as the same bears upon any defense to this action, as follows:

"That in the latter part of the year 1932 said Boyle Avenue Investment Company determined to abandon and surrender the possession of said premises, and at said time affiant stated to said Ramon Alvarez" (the subtenant in possession of the demised premises) "that said Boyle Avenue Investment Company had decided to give up and surrender the said lease to the lessors and would refuse to accept from said Ramon Alvarez any rent for said premises subsequent to June, 1932. At said time affiant stated to said Ramon Alvarez that it would be necessary for said Ramon Alvarez to make arrangements for payment of rent or for continued occupancy of said premises with the said lessors, the plaintiffs herein, for the reason that, as affiant stated to said Alvarez, the Boyle Avenue Investment Company would have nothing further to do with the said property. That said Ramon Alvarez shortly thereafter stated to affiant that he had talked to Mrs. Shea, plaintiff herein, and told her of his conversation with affiant, and that Mrs. Shea had stated to him that it would be satisfactory for him to continue in the possession of said property and that he would not be required to pay any rent whatever so long as Mrs. Shea lived."

No citation of authority is needed for the statement that admission of the conversation between affiant and the subtenant on the property in question is violative of the hearsay rule, and certainly affiant could not testify to the same at the trial. Not only does the code section require the defendant to show "such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend", but it also requires that the facts so stated shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. The effect of these provisions is to require a defendant, in order to defeat a motion for summary judgment, to present an affidavit or affidavits setting forth evidentiary facts sufficient, if accepted as true—as they must be for the purposes of the motion—to show that the defendant has a defense to the plaintiff's claim or to some part thereof. As a witness, the affiant Leonis could not competently testify to the hearsay statements above quoted from the affidavit in question, nor to the alleged intention and determination of appellant company to abandon and surrender the possession of the leased

premises, because such intention, unaccompanied by appropriate action, would be immaterial.

In so far as pertinent to the issues before us, in the other affidavit filed by appellant one Ramon Alvarez, subtenant occupying the leased premises, avers: ''Shortly thereafter affiant called on Mrs. Lussanah C. Shea and stated to her that Mr. Leonis, Jr., had said that they were not having anything further to do with the property and asked Mrs. Shea's instructions as to the person to whom the money should be paid. That at said time Mrs. Shea stated to affiant that so long as Mrs. Shea lived affiant could continue to live on the said property without payment of any rent.''

It is significant that nowhere in this last-named affidavit does it appear that the affiant told any one of the lessors that appellant, Boyle Avenue Investment Company, desired to or had abandoned or surrendered the lease. The most that was said between Alvarez and one of the lessors was that ''Mr. Leonis, Jr., had said that *they* were not having anything to do with the property''. Who constituted ''*they*'' is not made to appear. Certainly no mention was made of the real party in interest, viz., Boyle Avenue Investment Company, appellant herein, in connection with any abandonment or surrender. The affidavit lacks both competency of the statements therein contained in so far as their admissibility as evidence at the trial is concerned, and the particularity thereof required by the statute. Appellant's only ground upon which it attempted to resist the motion for summary judgment was that it had abandoned and surrendered to the lessor the demised premises. In order to effectively sustain its alleged defense, appellant must first prove a repudiation or abandonment of the lease by it as lessee, and, second, an acceptance of such repudiation or abandonment by the lessors, either actual or constructive. (*Bradbury* v\ *Higginson,* 162 Cal. 602, 604 [123 Pac. 797].) This acceptance need not necessarily be express, but may be implied from the acts and conduct of the parties in their dealings with the leased premises. Assuming that the affidavits in opposition to the motion for summary judgment do establish the repudiation or abandonment of the lease by appellant, its affidavits are totally lacking as to any showing that respondents ever exercised any dominion over the leased premises during the term for which rent is claimed in this action.

In fact, there is absolutely no showing in the affidavits that appellant even notified the lessors of its intention to abandon or its actual abandonment or surrender of the premises, other than through the indirect and uncertain oral communication with one of the lessees by the subtenant Alvarez. ■ Manifestly, before a defendant can set up the defense of abandonment and surrender of the lease, he must give notice thereof to the lessor, because it is the settled law that where a lease is repudiated and the premises abandoned, the landlord has the choice of two courses: he may rest upon his contract and sue his tenant as each instalment of rent, or the whole thereof, becomes due; or, he may take possession of the premises and recover damages, which will be the difference between what he may be able to rent the premises for and the price agreed to be paid under the lease. But before the lessor can be compelled to elect to pursue one or the other of these courses, he is entitled to notification from the lessee of abandonment and surrender of the lease. There is no showing here that appellant ever gave any legal or other notice to the lessors of either its intention to abandon or its actual abandonment of the lease or surrender of the demised premises. Without question, therefore, the action of the trial court in ordering summary judgment for the plaintiff against defendant Boyle Avenue Investment Company was proper.

■ The appeal from the order granting the motion of plaintiffs for summary judgment is dismissed, for the reason that the order granting the motion is not an appealable order.

The judgment appealed from should be, and it is, affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.