[Civ. No. 12420. First Dist., Div. One. Feb. 7, 1944.]

INTEGRAL LAND CORPORATION (a Corporation), Appellant, v. GEORGE R. ANDERSON et al., Respondents.

Landels & Weigel, Sidney L. Weinstock and Frank P. Adams for Appellant.

Bryce Swartfager for Respondents.

DOOLING, J. pro tem. — Two motions to dismiss this appeal were presented together, one by appellant to dismiss its appeal without prejudice on the ground that no appealable order or judgment has been entered in the trial court and the other by respondents for the failure of appellant to file its opening brief within the time required by the rules. Since we are satisfied that the ground of appellant's motion is sound respondents' motion need not be further considered.

After the cause was at issue defendants moved the trial court, as recited in their notice of motion, "for an Order dis-

missing the complaint of plaintiff and that said defendants have judgment accordingly and for costs." The notice stated as grounds of the motion "that said action has no merit" for a number of reasons specified, and further recited that "Said motion will be made under the provisions of section 437c of the Code of Civil Procedure and as otherwise provided by law."

Section 437c, Code of Civil Procedure provides in certain enumerated classes of cases that "if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party . . . the answer may be stricken out or the complaint may be dismissed and judgment may be entered. . . . A judgment so entered is an appealable judgment as in other cases." This is the so-called summary judgment procedure.

The transcript shows an order signed by the trial judge and filed with the clerk reading:

"The motion to dismiss heretofore argued and submitted is granted."

Section 437c, Code of Civil Procedure, above quoted, contemplates two steps to be taken by the trial court in granting a defendant's motion for summary judgment: 1. "the complaint may be dismissed" and 2. "judgment may be entered."

Entry of judgment is made by entering the judgment in "the judgment book" kept by the clerk of the superior court. (Sec. 668, Code Civ. Proc.) It is conceded that no judgment has been entered in the judgment book in the manner provided in that section and only "a judgment so entered" is made appealable by section 437c. This has been expressly held in *Bank of America* v. *Oil Well S. Co.,* 12 Cal. App.2d 265, 271 [55 P.2d 885] and *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322]; and follows necessarily from the clear language of section 437c.

Respondents suggested on the oral argument an analogy to orders of dismissal under sections 581, 581a, 581b and 583, Code of Civil Procedure, which orders have been held to be final judgments and hence appealable. (*Southern Pacific R. R. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526].) Those sections are not analogous to section 437c because they do not, as does section 437c, provide for the entry of a formal judgment nor provide as does section 437c that "a judgment so entered is an appealable judgment."

Respondents also argue that the order may be considered as having been made under section 408, Civil Code, since a ground of respondents' motion to dismiss in the trial court was that the original plaintiff was a foreign corporation doing business in this state without complying with the requirements of our law therefor. Section 408, Civil Code, provides no method for its enforcement and if it be conceded that a motion to dismiss is a proper means of enforcing it, a matter which seems open to some doubt (*Maryland C. Co.* v. *Superior Court,* 91 Cal.App. 356, 360 [267 P. 169]), the dismissal, since it does not fall within any of the special exceptions provided for in section 581, Code of Civil Procedure, would have to be by judgment regularly entered (*Ross* v. *O'Brien,* 1 Cal.App.2d 496, 499 [36 P.2d 1108]; *Egan* v. *McCray,* 220 Cal. 546 [31 P.2d 1041]).

The appeal is dismissed without prejudice on the ground that the order appealed from is not an appealable order.

Peters, P. J., and Ward, J., concurred.