[Civ. No. 17749.   First Dist., Div. One.   Aug. 11, 1958.]

LEROY B. MARTELLI, Plaintiff, v. GEORGE D. POL-
LOCK et al., Appellants; CITY OF SEASIDE et al.,
Respondents.

George D. Pollock for Appellants.

Saul M. Weingarten, City Attorney, for Respondents.

WOOD (Fred B.), J.—Monterey County awarded defendants a franchise for the collection and disposal of garbage and refuse in a certain area of the county. A portion of that area later was incorporated upon the formation of the city of Sea-

side. Subsequently, the city of Seaside awarded plaintiff the exclusive franchise for the collection and disposal of garbage and refuse within the city limits. Finding that defendants continued to make collections within the city limits, plaintiff brought this action for damages and to enjoin interference with his alleged franchise.

Defendants cross-complained against plaintiff, also joining as cross-defendants the city of Seaside, the members of the city council,* the city attorney and the clerk-administrator of the city of Seaside.

All of the cross-defendants except plaintiff moved for a summary judgment against the cross-complainants. The motion was granted as to all of them except the city of Seaside; that is, in favor of the mayor, the members of the city council, the city attorney and the clerk-administrator. Cross-complainants have appealed.

(1) *Does the record show an absolute defense to the cross-complaint with no issue of fact to be tried? Yes.*

The gist of the cross-complaint is that the cross-defendants "acting in unison, concert and collusion pursuant to a conspiracy with intent to damage cross-complainants without lawful authority adopted" an ordinance pursuant to which the franchise was issued to plaintiff; also, that cross-defendants "acting in concert in furtherance of said conspiracy to damage cross-complainants, without lawful authority, adopted" a resolution "directing the City Clerk" to cause notification "for bids under the terms of said" ordinance, and that "in furtherance of said conspiracy with intent to damage cross complainants" the city clerk published the notification for bids, the city council accepted plaintiff's bid, the cross-defendants caused the city to enter into an agreement with plaintiff for the exclusive collection and disposal of garbage and rubbish and breached the agreement with cross-complainants and usurped the garbage collection franchise of cross-complainants.

Cross-defendants' affidavit in support of their motion for summary judgment contained these significant statements: "That heretofore cross-complainants collected garbage, refuse and trash in the area which, being then in the County of Monterey, was administered by the County Board of Supervisors; that said area became incorporated as the City of Seaside, thus coming under the legislative control of the City

*One defendant councilman also acted as mayor.

Council of said city and being withdrawn from the legislative control of the County Board of Supervisors; that said City Council did consider various proposals for the collection of garbage, refuse and trash within the said City of Seaside and did thereafter enact the ordinance setting forth sanitary requirements which is attached to Cross-Complaint herein; that under the terms of said ordinance, a contract was entered into with Leroy B. Martelli, dba Seaside Disposal Service, after competitive bids had been called for and during which cross-complainants had submitted a bid which was not accepted by said City Council;

*"That the only actions of the said individually named cross-defendants were in their official capacities as City Councilmen, City Attorney and City Clerk, respectively, to wit, that the said named cross-defendant City Councilmen considered the various matters concerned with garbage disposal and, acting in their official capacities, exercised their discretion as indicated herein; that said named cross-defendant City Attorney advised said City Council as to the legality of their said action; that said named cross-defendant City Clerk carried out the direction of said named City Council."* (Emphasis added.)

The facts thus stated by cross-defendants were not controverted in any affidavit filed on behalf of cross-complainants. Instead, they made an oblique attack, averring that their franchise contract with the county had not been extinguished; therefore, the city and its council had no authority to grant anyone else a franchise for the same service "and its act in so doing was without authority, wrongful, unlawful and malicious . . . The making of the additional garbage collection contract by the City Council was Ultra Vires and was void and for which the municipal corporation of the City of Seaside cannot be held liable, consequently city officials and employees participating in Ultra Vires acts lose their immunity to damages and become personally liable for all damages caused by their acts." This does not gainsay the fact (shown by the cross-defendants' affidavit) that the city councilmen, the city attorney and the clerk-administrator acted in their official capacities.

In performing their official functions they may have labored under some misapprehension as to the scope of their powers but that would not necessarily deprive them of their immunity from liability toward persons affected thereby. "If government, operating through the individuals who form it, is

afforded immunity from private suit only when its actions are beyond any question, and loses that immunity upon mere allegation of improper motives or unlawful acts in a complaint seeking damages, then those persons who form government are subject to the threat of personal liability in any matter in which their discretion is exercised." (*Hancock* v. *Burns,* 158 Cal.App.2d 785, 792 [323 P.2d 456].) In the Burns case the court held that legislative immunity protected a member of the state Legislature when sued for inducement of a breach of contract, in the face of allegations of malice and exceeding the scope of authority. ■ Here there is no question but that the council was empowered to pass ordinances and despite the allegations of wrongful motive are protected by the doctrine of legislative immunity. We perceive no different considerations present in the case of a city legislator than a state legislator. (See 4 McQuillin, Municipal Corporations (3rd ed.), p. 183, § 12.222.)

■ The ordinance authorized the making of a garbage collection contract and empowered the council to "provide for the inclusion in such contract of such terms as it deems necessary to protect the interests of the City." In fixing the terms of the contract, and rejecting cross-complainants' bid, the council was acting in an administrative capacity requiring the exercise of discretion and judgment. The doctrine of immunity would protect them in this function as well. ■ The Supreme Court stated in *Hardy* v. *Vial,* 48 Cal.2d 577, 582 [311 P.2d 494]: "The rule of absolute immunity, notwithstanding malice or other sinister motive, is not restricted to public officers who institute or take part in *criminal* actions. First recognized for the protection of judges (*Bradley* v. *Fisher,* 13 Wall. (U.S.) 335 [20 L.Ed. 646]), it has been extended by the federal decisions to all executive public officers when performing within the scope of their power acts which require the exercise of discretion or judgment. [Citing cases.] In this state *Downer* v. *Lent,* 6 Cal. 94 [95 Am.Dec. 489], and *Oppenheimer* v. *Arnold,* 99 Cal.App.2d 872, 874 [222 P.2d 940], recognize the same wide immunity."

■ These principles apply similarly with equal force to the other city officials: to the city attorney when discharging the duties of his office by giving legal advice to the other city officials (see *Pearson* v. *Reed,* 6 Cal.App.2d 277, 288 [44 P.2d 592]; *White* v. *Brinkman,* 23 Cal.App.2d 307, 313 [73 P.2d 254]; *Norton* v. *Hoffmann,* 34 Cal.App.2d 189 [93 P.2d 250]); and to the clerk-administrator in the performance of

his administrative and his ministerial functions (*Dawson* v. *Martin,* 150 Cal.App.2d 379 [309 P.2d 915]).

In view of this total defense which flows from official immunity, no amount of factual conflicts upon other aspects of the case could affect the result.

■ In their opening brief cross-complainants claimed that immunity was not an issue below because not specially pleaded as a defense. A sufficient answer to that contention is that the parties tried the motion upon the theory that official immunity was an issue. Moreover, in a memorandum later filed upon this appeal counsel for cross-complainants says that "the record herein consisting of the cross-complaint and two affidavits, raises a number of issues, and includes the issue of sovereign or other immunity . . ."

(2) *Cross-complainants present a number of points of practice and procedure that are lacking in substance and do not affect the result.*

For example, they contend that the answer to the cross-complaint was ineffectively verified. The verification states that Gordon H. Howe, the city clerk is "one of the plaintiffs above named; that he has read the foregoing Complaint and knows the contents thereof . . ." The terms "cross-defendants" and "answer to cross-complaint" should have been used. It is apparent that the discrepancy was a typographical error and was so treated by the trial court.

Cross-complainants also object to the denial on information and belief of certain allegations of the cross-complaint, on the ground that these embraced facts which may be ascertained by inspection of a public record. Whether or not that renders the answer vulnerable as a pleading, when appropriately challenged as such, is not significant here.

■ Cross-complainants say the motion for summary judgment did not purport to be under section 437c of the Code of Civil Procedure and spoke in terms of a motion to strike the cross-complaint. A complete answer is that it spoke in terms of a motion for "summary judgment" and noted upon it or appended to it was a citation of section 437c.

Several orders are under appeal. A minute order of October 19, 1956, granted the motion for summary judgment in favor of all of the cross-defendants except the plaintiff. It was amended by a minute order of October 26, 1956, denying the motion as to the city of Seaside. Also filed on October 26 was a written order for summary judgment. On the same day a "summary judgment," signed by the clerk, was filed.

A mere order granting a motion for summary judgment is not appealable. (*Shea* v. *Leonis,* 29 Cal.App.2d 184, 190 [84 P.2d 277].) Accordingly, the judgment is affirmed and the appeals from the orders are dismissed.

Peters, P. J., and Bray, J., concurred.