21 Cal.Rptr. 923]

[Civ. No. 25710.   Second Dist., Div. Two.   May 22, 1962.]

EVERT L. HAGAN, Plaintiff and Appellant, v. JOSEPH W. FAIRFIELD, Defendant and Respondent.

Evert L. Hagan, in pro. per., for Plaintiff and Appellant.

Joseph W. Fairfield, in pro. per., Ethelyn F. Black and Max H. Gewirtz for Defendant and Respondent.

ASHBURN, J.—Summary judgment in favor of defendant was ordered and later entered in this action. Plaintiff appealed "from Motion for Summary Judgment granted as to Joseph W. Fairfield, only, of the 1st day of February, 1961." That was the date of the minute order granting motion "for entry of summary judgment in favor of defendant Fairfield." The judgment was signed and filed on February 17, 1961, and entered on February 23, 1961.

[██] Plainly this is an attempted appeal from the minute order. No such appeal will lie and the court acquired no jurisdiction to review the action of the court with respect to summary judgment. (*Bank of America* v. *Oil Well Supply Co.,* 12 Cal.App.2d 265, 271 [55 P.2d 885]; *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322]; *Shea* v. *Leonis,* 29 Cal.App.2d 184, 190 [84 P.2d 277]; *Integral Land Corp.* v. *Anderson,* 62 Cal.App.2d 770, 771 [145 P.2d 364]; *Martelli* v. *Pollock,* 162 Cal.App.2d 655, 661 [328 P.2d 795]; *Chilson* v. *P. G. Industries,* 174 Cal.App.2d 613, 616-617 [344 P.2d 868].

██ Plaintiff has also appealed from an order of March 9, 1961, denying his motion to tax costs. By that motion he sought to strike from defendant's cost bill an item of $46.65 representing the cost of the deposition of plaintiff which was taken by defendant. Appellant's argument is that defendant Fairfield initially appeared through attorneys Ethelyn F. Black and Max H. Gewirtz and no substitution or association of counsel had been made prior to the taking of the deposition, at which time neither attorney of record was present but Mr. Fairfield (himself an attorney) appeared and took the deposition over plaintiff's objection; that this was improper and hence no cost item should be allowed. ██ Plaintiff moved to suppress the deposition and the motion was denied; that ruling would be reviewable upon an appeal from the judg-

ment but we have no judgment here and the order is presumptively valid. (*Minardi* v. *Collopy*, 49 Cal.2d 348, 353 [316 P.2d 952]; *Phelan* v. *Superior Court*, 35 Cal.2d 363, 373-374 [217 P.2d 951].)

The superior court file, which is before us, shows that, although Mr. Fairfield's name does not appear as one of his attorneys in the body of his Notice of Appearance (filed January 3, 1961), it does appear as one of the attorneys on his demurrer to complaint and his motion for summary judgment filed on the same date (January 23, 1961), and upon papers later filed in the case. Indeed, although the body of the document does not so declare, it is arguable that the notice of appearance was intended to include him as one of his attorneys for it is on paper bearing his name and the address of his law office printed in the upper left hand corner and the names of Black and Gewirtz are typed immediately below it; then the words "Attorney for Defendant, Joseph W. Fairfield" appear below the Black and Gewirtz names.

There was no error in the refusal to strike this item from the cost bill (cf. *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 370 [184 P. 672, 12 A.L.R. 1007]). The statute authorizes such items of costs (Code Civ. Proc., § 1032a) and, the motion to suppress having been denied, the deposition now stands as a presumptively valid proceeding and hence an allowable item of costs.

The attempted appeal from order directing entry of summary judgment is dismissed. Order denying motion to tax costs is affirmed.

Fox, P. J., and Herndon, J., concurred.