[Civ. No. 6929.   Fourth Dist.   Mar. 25, 1963.]

SECURITY FIRST NATIONAL BANK, as Executor, etc., Plaintiff and Respondent, v. MILTON E. ROSS, Defendant and Appellant.

426

Freda B. Walbrecht and Findlay A. Carter for Defendant and Appellant.

Wm. J. Cusack for Plaintiff and Respondent.

COUGHLIN, J.—The issues in this case are raised by four pleadings; a complaint seeking partition and alleging that the plaintiff is the owner of a three-fourths interest in 80 acres of land that the defendant, i.e., a trustee of a testamentary trust, is the owner of a one-fourth interest therein; an answer denying the plaintiff's ownership; a first amended cross-complaint seeking to impose a constructive trust upon the plaintiff's alleged three-fourths interest in favor of the defendant and quieting the latter's title thereto; and an answer to this cross-complaint denying the material allegations thereof and asserting as special defenses the statute of limitations, laches, res judicata, and lack of consideration.

The plaintiff and cross-defendant, who is the respondent

herein,[1] moved for an order striking the defendant's first amended cross-complaint and for a summary judgment. This motion was granted. Thereupon the defendant and cross-complainant, who is the appellant herein, appealed from that order. Following this the court entered an interlocutory judgment in partition. In due course the defendant appealed from this judgment. Both matters now are pending before this court.

The defendant contends that the interlocutory judgment was entered while the court lacked jurisdiction to enter the same because of the prior appeal from the order granting the plaintiff's motion to strike and for a summary judgment. The latter contends that the order in question is not appealable and that the trial court retained jurisdiction to proceed. The order in question was not appealable and the attempted appeal therefrom should be dismissed. (*Martelli* v. *Pollock*, 162 Cal.App.2d 655, 661 [328 P.2d 795]; *Bank of America* v. *Oil Well Supply Co.*, 12 Cal.App.2d 265, 271 [55 P.2d 885].) This conclusion disposes of the defendant's contention in the premises. He claims, however, that because the order in question also directed the appointment of a referee to carry out the judgment of the court, an appeal therefrom is proper. This contention is without merit. He did not appeal from the order appointing a referee; such an order is interlocutory rather than final; no specific provision is made for an appeal therefrom; and any error in the making of the appointment may be reviewed on the appeal from the judgment. However, no contention is raised concerning any error with respect thereto.

Voluminous affidavits were filed in connection with the subject motion. The plaintiff claims that he is the owner of a three-fourths interest in an 80-acre parcel of land, which formerly consisted of three one-fourth interests separately owned by Marie Lamb, John Metcalf, and Albert Metcalf; that he acquired these interests at a tax sale; and that his title thereto has been adjudicated as against the former owners and their successors in interest. This claim is established by uncontradicted proof in the form of a final judgment against one of the former owners and the successors in interest of the other two. The judgment against the latter was affirmed on

[1]Since this appeal, the plaintiff in the action, Frederick Henry Hecker, died, and the executor of his estate has been substituted as plaintiff and respondent herein. However, for purposes of clarity, in this opinion Frederick Henry Hecker will be referred to as the plaintiff.

appeal by this court. (*Metcalf* v. *Hecker*, 127 Cal.App.2d 634 [274 P.2d 188].)

By his cross-complaint the defendant, in his capacity as trustee of a testamentary trust, contends that the plaintiff holds this three-fourths interest as a constructive trustee for the testamentary trust, and claims that an issue of fact exists in this regard. It must be noted, however, that the defendant's brief on appeal is not confined to a clear-cut presentation of this contention; argues many issues not material to the instant lawsuit; attacks the legal title of the plaintiff which is conclusively established by the judgments heretofore considered, e.g., claims (1) the John Metcalf interest never was acquired by the plaintiff at a tax sale, (2) the latter's rights are based on adverse possession about which there is a pending issue of fact and, (3) the existence of fraud, deceit and misconduct which render his title defective; confuses the issues raised by the amended cross-complaint; and appears to believe that the claims of the former owners can be relitigated in this action at his behest because he was not a party to the former judgments, although he is not in privity with their title.

The one-fourth interest in the subject property now vested in the defendant as trustee originally was owned by the plaintiff's wife, Anna Hecker. Upon her death, by testamentary disposition, it became an asset of a testamentary trust declared by the decree distributing her estate and naming the plaintiff trustee thereof. This undivided one-fourth interest and each of the remaining three undivided one-fourth interests in that property were assessed separately, for tax purposes, to their respective owners. The taxes levied against each of these interests became delinquent. In 1944, the interests owned by Marie Lamb, John Metcalf, and Albert Metcalf were sold at tax sale to the plaintiff. At this time he was the duly appointed, qualified and acting trustee of the aforesaid trust in the estate of his deceased wife. However, his purchase at the tax sale was made by him in his individual capacity. Neither trust funds nor credit were used in making the same. Although the defendant contends to the contrary, the interest of the trust estate was not sold at this tax sale; was not purchased by the plaintiff; and there is no triable issue of fact to the contrary. The complaint and the judgment in the instant matter are predicated upon the fact that the defendant, as the present trustee of the subject trust, is the owner of the one-fourth interest originally distributed out of the Anna Hecker estate.

Although, as heretofore noted, the defendant presents a kaleidoscopic array of issues incident to the transaction resulting in the acquisition of the three one-fourth interests, the only issues germane to the defendant's claim thereto, as described by the pleadings in the present action, are those raised by the cross-complainant's constructive trust cause of action and the plaintiff's answer thereto.

A wrongdoer acquiring title to property through fraud, undue influence, breach of trust, or other improper manner may be declared a constructive trustee thereof for the benefit of the rightful owner. (Civ. Code, § 2224; *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423].) Relying on this rule, the defendant contends that the plaintiff's purchase of the three one-fourth interests during the time he was trustee of the Anna Hecker trust constituted an acquisition through breach of trust; that the Anna Hecker trust is the rightful owner thereof; and that the plaintiff should be declared a constructive trustee of the same for its benefit.

The plaintiff contends that the action to declare him a constructive trustee of the interests which he purchased at the 1944 delinquent tax sale is barred by the statute of limitations; specifically pleads the provisions of sections 318, 338 subdivision 4 and 343 as such a bar; by affidavit supporting his motion for a summary judgment properly presents facts which establish the applicability thereof; and contends that there is no triable issue of fact foreclosing the application of these facts. The statutory provisions in question respectively prescribe five, three and four-year periods of limitation. The acquisition by tax sale occurred in 1944. The instant action was commenced in 1958. Obviously it had not been commenced before the aforesaid periods had expired. An application of either of the foregoing sections to the instant case, as hereinafter noted, would bar the causes of action set forth in the defendant's cross-complaint. For this reason it is unnecessary that we determine which of the three sections is applicable to the pertinent undisputed facts shown by the plaintiff's affidavit in support of his motion for a summary judgment.

■ Where the gist of an action is fraud, regardless of its form, the three-year period prescribed by section 338 subdivision 4 of the Code of Civil Procedure applies, but does not commence to run until the aggrieved party knows or should know of that fraud. (*Turner* v. *Milstein*, 103 Cal.App. 2d 651, 659 [230 P.2d 25].) ■ This fact has been applied

to an action to establish a constructive trust. (*Bainbridge v. Stoner, supra,* 16 Cal.2d 423, 429; *Unkel v. Robinson,* 163 Cal. 648, 650 [126 P. 485]; *Douglas v. Douglas,* 103 Cal.App. 2d 29, 32 [228 P.2d 603].)

Even though it be assumed that the contention made by the defendant against the plaintiff, respecting the latter's acquisition of the three one-fourth interests at the 1944 delinquent tax sale, encompasses a breach of duty equivalent to a fraud,[2] the existence of an issue of fact respecting the time when the Anna Hecker trust knew of this fraud is not developed by the affidavits filed in connection with the motion for a summary judgment. In 1949 the three beneficiaries of that trust filed an objection to a report and accounting by the plaintiff as trustee in which it was alleged that he "individually . . . had a three-fourths interest in" the subject 80-acre parcel "put up for tax sale and purchased the same." In the following year the plaintiff resigned as trustee. At the hearing upon the contest respecting the previously filed account, evidence was introduced which advised the court that the plaintiff claimed a one-fourth interest in the 80-acre parcel as trustee and a three-fourths interest "for himself" which he had purchased at a tax sale. The court settled the report and account in question; appointed a new trustee; directed the plaintiff to render a supplemental report and account; and ordered him to turn over to his successor "all assets of said Trust Estate of which he may be possessed." Thereafter, such a report and account was filed; was contested; and, with certain exceptions, was approved by an order which described the property remaining in the trust and directed that the plaintiff be discharged as trustee. The property so described included the one-fourth interest but did not include the three-fourths interest in the 80-acre parcel which is the subject of the instant action.

The defendant claims that he personally had no knowledge of the plaintiff's alleged wrongful acquisition of the subject three-fourths interest until the instant complaint had been filed and, for this reason, the statutory period prescribed by section 338 subdivision 4, if it applies, did not commence to run against the action alleged in his cross-complaint until that time. His trustee predecessor in in-

___

[2] "In its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damage to another." (*Estate of Arbuckle,* 98 Cal.App.2d 562, 568 [220 P.2d 950, 23 A.L.R.2d 372].)

terest, the court that administered the trust, and the beneficiary thereof, all had notice of the facts which form the basis of the alleged constructive trust cause of action in question in 1950, if not before that time, and the defendant's personal lack of knowledge respecting the same did not toll the running of the statutory period after that date.

Furthermore, constructive notice of any wrongdoing by the plaintiff, to all persons interested, was given by the public nature of the tax sale; the acquisition of the three one-fourth interests in the individual name of the plaintiff; the recordation of the tax deeds showing such; the consideration given thereto in the trust estate proceedings; and the plaintiff's refusal to list the same as an asset of the trust estate. (*Bainbridge* v. *Stoner, supra,* 16 Cal.2d 423, 429.)

It is appropriate to note, also, that a cause of action to declare a constructive trust in favor of the rightful owner of property acquired by another through fraud arises at the time of acquisition by the latter, and no repudiation of the law-imposed constructive trust is necessary to set the statute of limitations in motion. (*Bainbridge* v. *Stoner, supra,* 16 Cal.2d 423, 429.)

The defendant also claims that section 318 of the Code of Civil Procedure is the only statute of limitations applicable to the instant case; that the five year period therein prescribed bars an action for the recovery of real property or its possession only when the party seeking such has not been seised or in possession thereof during that five-year period; that, as the trust estate was a tenant in common with the plaintiff of the subject 80-acre parcel, it has been seised and in possession of the plaintiff's three-fourths interest therein; and, therefore, the constructive trust action is not barred. In support of his position, the defendant cites the decisions in *Goodnow* v. *Parker,* 112 Cal. 437, 442 [44 P. 738]; *Crouse-Prouty* v. *Rogers,* 33 Cal.App. 246, 250 [164 P. 901]; and *Bradley Bros.* v. *Bradley,* 20 Cal. App. 1, 4 [127 P. 1044]. The basis of the defendant's claim is that the plaintiff is the legal owner of the three-fourths interest. The possession by the trustee of the whole of the 80-acre parcel as a cotenant, was not related to the defendant's claim that the subject three-fourths interest is held by the plaintiff as a constructive trustee and, therefore, did not constitute the seisin or possession contemplated by section 318. At all times subsequent to the plaintiff's acquisition of the three one-fourth interests he held the same

under claim of ownership as an individual, and not as a trustee of the Anna Hecker trust. The subsequent trustees of that estate were not seised thereof at any time. As heretofore noted, the adverse character of this claim of ownership was brought to the attention of the probate court in the proceeding which culminated in the plaintiff's resignation as trustee of the subject trust and the appointment of another trustee in his stead. None of the decisions relied upon by the defendant in support of his position concern an action by one cotenant to impress a constructive trust in his favor upon the undivided interest of another cotenant, and do not control the instant case.

The cross-complainant's quiet title cause of action adds no factual issues to those raised by the constructive trust action; is dependent upon recovery under the constructive trust theory; and has no effect upon the statute of limitations issues heretofore considered. (*Leeper* v. *Beltrami*, 53 Cal.2d 195, 215, 216 [1 Cal.Rptr. 12, 347 P.2d 12].)

No triable issue of fact is presented which forecloses an application as a matter of law of the bar of the statutes of limitations pleaded in defense of the alleged causes of action set forth in the cross-complaint. ■ Where, upon motion for a summary judgment, a defendant's or cross-defendant's affidavit establishes a complete defense to the action set forth in the complaint or cross-complaint and the plaintiff's or cross-complainant's affidavit in reply does not show a triable issue of fact with respect to that defense, "no amount of factual conflicts upon other aspects of the case could affect the result," and the motion for a summary judgment should be granted. (*Martelli* v. *Pollock, supra,* 162 Cal.App.2d 655, 660; *Coyne* v. *Krempels*, 36 Cal.2d 257, 260, 263 [223 P.2d 244]; *Tell* v. *Taylor*, 191 Cal.App.2d 266, 269 [12 Cal.Rptr. 648]; *Kcylon* v. *Kelley*, 188 Cal. App.2d 490, 493 [10 Cal.Rptr. 549].)

The plaintiff urges additional grounds in support of the judgment, but our conclusion with respect to the adequacy of the defense of the statute of limitations renders a consideration thereof unnecessary.

The judgment is affirmed. The attempted appeal from the order granting the motion for summary judgment is dismissed.

Griffin, P. J., and Brown (G.), J., concurred.

A petition for a rehearing was denied April 16, 1963,

and appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.