[Civ. No. 7208.    Fourth Dist.    Sept. 16, 1963.]

EDITH WEST, Plaintiff and Appellant, v. WAYNE L. CRANMER, Defendant and Respondent.

Jack G. Whitney for Plaintiff and Appellant.

Kaminar, Sorbo, Andreen, Thorn & Gallagher and Gerald L. Christensen for Defendant and Respondent.

COUGHLIN, J.— The plaintiff, by a third amended complaint, sought recovery of damages for breach of con-

tract. One of the defendants moved for a summary judgment. Thereafter the motion was granted by an order entered in the minutes of the court under date of May 25, 1962. The minute order did not direct that a written order be prepared, signed and filed. Nevertheless, under date of May 29, 1962, a written order granting the motion was signed and filed. However, the entry in the minutes constituted the effective order in the premises. (*Herrscher* v. *Herrscher,* 41 Cal.2d 300, 304 [259 P.2d 901]; *Gwinn* v. *Ryan,* 33 Cal.2d 436, 437 [202 P.2d 51].)

The record at hand does not disclose any judgment was entered upon the order made.

On July 25, 1962, which was 61 days after the minute order of May 25, 1962, was made, the plaintiff appealed from the written and signed order dated May 29, 1962. Whether the order of May 25, 1962, was entered in the permanent minutes of the court on a day other than the date of its making, does not appear. (See Cal. Rules of Court, rule 2(a).)*

██ Although the foregoing facts demonstrate the probable existence of multiple reasons for concluding that this court does not have jurisdiction of the instant appeal, we need only consider the most obvious thereof, *viz.,* that an order granting a motion for summary judgment is not appealable. (*Security First Nat. Bank* v. *Ross,* 214 Cal.App.2d 424, 427 [29 Cal. Rptr. 538]; *Meyer Koulish Co.* v. *Cannon,* 213 Cal.App.2d 419, 434 [28 Cal.Rptr. 757]; *Adoption of Backhaus,* 209 Cal. App.2d 13, 15 [25 Cal.Rptr. 581]; *Hagan* v. *Fairfield,* 204 Cal.App.2d 1, 2 [21 Cal.Rptr. 923]; *Chilson* v. *P. G. Industries,* 174 Cal.App.2d 613, 616 [344 P.2d 868]; *Martelli* v. *Pollock,* 162 Cal.App.2d 655, 661 [328 P.2d 795]; *Integral Land Corp.* v. *Anderson,* 62 Cal.App.2d 770, 771 [145 P.2d 364]; *Shea* v. *Leonis,* 29 Cal.App.2d 184, 190 [84 P.2d 277]; *Bank of America etc. Assn.* v. *Oil Well Supply Co.,* 12 Cal. App.2d 265, 271 [55 P.2d 885].) ██ An attempted appeal from a nonappealable order must be dismissed by the appellate court on its own motion. (*Cole* v. *Rush,* 40 Cal.2d 178 [252 P.2d 1]; *Chapman* v. *Tarentola,* 187 Cal.App.2d 22, 25 [9 Cal. Rptr. 228].)

The attempted appeal from the order granting the motion for summary judgment is dismissed.

Griffin, P. J., and Brown (Gerald), J., concurred.

---

*Formerly Rules on Appeal, rule 2(a).