[Civ. No. 30375.   Second Dist., Div. Four.   Apr. 21, 1967.]

JANET L. LATSON et al., Plaintiffs and Appellants, v. MEYER ZEILER et al., Defendants and Respondents.

William Jerome Pollack for Plaintiffs and Appellants.

Early, Maslach, Foran & Williams and George Kingsley for Defendants and Respondents.

BISHOP, J. pro tem.*—The plaintiffs have given notice that they appealed from these three matters: (1) the order of October 8, 1965, granting the motion of defendant Meyer Zeiler to dismiss the complaint and enter a summary judgment;

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

(2) the order of summary judgment entered October 18; and (3) the order of November 8, denying plaintiffs' motion that the court reconsider its ruling made October 8. We are dismissing the attempted appeals from the first and third matters because neither is appealable. (*Bank of America Nat. Trust & Sav. Assn.* v. *Oil Well Supply Co.* (1936) 12 Cal.App.2d 265, 271 [55 P.2d 885, 888], and see *Desny* v. *Wilder* (1956) 46 Cal.2d 715, 752 [299 P.2d 257, 278].) We are also reversing the summary judgment.

Stated in quite general terms, this is an action to recover from the defendants, who are doctors and hospitals, the damages resulting from an unwisely recommended removal of the plaintiff-wife's gall bladder, and the subsequent false write-up of the condition said to exist in the bladder as a means of justifying its removal, and excusing the delay in filing this action. The complaint is drafted in six counts, the first three on behalf of plaintiff Janet L. Latson, the last three on behalf of her husband, Frank Latson. Only the third and sixth causes apply to defendant Meyer Zeiler who is the respondent, but by apt reference the first 10 and the fourteenth paragraphs of the first count are incorporated as a part of the third count. Our reason for reversing the summary judgment will appear from a consideration of the third count, so fortified.

In her third count the plaintiff-wife alleges the loss of her gall bladder. Four of the defendants were members of the medical profession, the three of these named Horowitz were partners, the fourth doctor was our defendant-respondent. During almost all of the first five months of 1962, the plaintiff-wife, so she alleges, "placed herself in and remained under the sole and exclusive examination, diagnosis, care, advice, treatment, control of defendants and each of them"; at all times "each of the defendants herein was the agent, servant and employee of each other and of his said co-defendants and was acting within the time, place, purpose and scope of the said agency and employment."

"During said period while plaintiff Janet L. Latson was under the sole and exclusive care, management and control of defendants and each of them . . . defendants and each of them negligently, carelessly and unskillfully examined, diagnosed . . . treated, performed surgery upon and otherwise treated plaintiff" causing her to be "hurt and injured in her health, strength and activity. . . ."

Getting down a bit closer to the point, plaintiff-wife further

alleges that defendants and each of them represented to plaintiffs: that plaintiff Janet L. Latson had a diseased gall bladder and that said gall bladder had to be removed; that after defendants removed said gall bladder defendants stated to plaintiffs that they had found the gall bladder to be "full of pus . . ."; later, in April of 1965, she first learned that this was not so.

Our respondent filed an answer to the complaint that contained the allegations just recited. He begins: "Under the provisions of section 437 of the California Code of Civil Procedure this answering defendant denies each and every and all of the allegations of said complaint." He continues: "Further . . . this answering defendant denies that the plaintiffs have sustained any injury, damage or loss, if any, by reason of any act or omission of this answering defendant or his agents or employees."

With the issues of fact thus established by the pleadings, our defendant-respondent gave notice that he was going to move to have plaintiffs' complaint dismissed and for a summary judgment. In his declaration filed in support of his motion, he states: that he is a physician, specializing in pathology; periodically he receives speciments of tissue from the Broadway Hospital (one of the defendants) and received plaintiff's gall bladder—or one so labeled. Then appears this paragraph:

"Affiant did not examine this gall bladder, or make any report as to its condition, until after the operation removing it; he did not engage in the operation which resulted in the removal of said gall bladder; he did not talk to Dr. Horowitz concerning this case prior to said operation; in fact, affiant's only connection with the operation of Janet Latson on January 26, 1962, was to examine the gall bladder removed during the operation after the operation was completed and give a pathologist's report to the Broadway Hospital."

As we undertake to put this declaration to the test we should remember: "In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed . . . and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 452, 398 P.2d 785, 788].)

So it remains quite possible that the defendant-

respondent "did not engage in the operation which resulted in the removal of said gall bladder" as he insists, but nevertheless was one of the doctors who "negligently, carelessly and unskillfully examined, diagnosed . . . and otherwise treated plaintiff," or it may be that his responsibility rests upon the careless diagnosis of one of the other doctors who was operating as his employee or other agent. When, as in this case, the complaint lists many acts by each defendant as having culminated in injury to the plaintiff, the elimination, by a defendant, of responsibility for some of those acts does not release him from all. Issues created by the pleadings, which have not been eliminated by defendant-respondent's declaration, still exist as issues, the outcome of which may place responsibility for plaintiff's condition on him. The summary judgment, absolving him of all liability, was improper in such a situation.

The judgment is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.