[No. A037063. First Dist., Div. Four. Aug. 19, 1987.]

ROBERT ROGNESS et al., Plaintiffs and Appellants, v.
ENGLISH MOSS JOINT VENTURERS et al., Defendants and
Respondents.

COUNSEL

Michael J. Fitzpatrick and Hawkin, Blick & Fitzpatrick for Plaintiffs and Appellants.

Nelson, Perlov & Lee, Mary Acquesta, James D. Miller and Low, Ball & Lynch for Defendants and Respondents.

OPINION

SABRAW, J.—In this case we hold that an employee of one party in a joint venture is not as a matter of law also an employee of the joint venture itself or the other joint venturers and therefore is not limited to his workers' compensation remedy under the Labor Code in seeking recovery from the remaining joint venturers for alleged negligence.

Plaintiffs Robert Rogness and Michael Stern appeal from a judgment dismissing their complaint for personal injury damages on defendants' motion for summary judgment. We reverse.

Plaintiffs were employed as carpenters by defendant Monticello Homes, Inc. (Monticello). Their claims arose out of injuries allegedly suffered when a wall collapsed on them at a home construction site where they were working. Monticello was one of the joint venturers in defendant English Moss Joint Venturers which had been formed to construct the house where the accident occurred. The remaining defendants were either other joint

venturers or were officers, directors or shareholders of corporate joint venturers.

As part of the overall workers' compensation system, employees who are covered by that system are generally barred from pursuing tort actions against their employers for injuries suffered during the course of their employment. (Lab. Code, § 3601.)[1] Based on plaintiffs' status as employees of Monticello, that defendant successfully demurred to the complaint. After the demurrer was sustained without leave to amend as to Monticello, the remaining defendants brought motions for summary judgment. They asserted that plaintiffs' claims were barred because, as joint venturers with Monticello, they were also entitled to the protection of Labor Code section 3601. Two of the undisputed material facts relied upon by defendants in support of their motions were that, at the time of the subject accident, plaintiffs: (1) were employed by Monticello; and (2) were injured while acting within the scope of their professions as carpenters for Monticello.

Plaintiffs brought their own motion for partial summary adjudication. They asked the court to rule there was no dispute of material fact regarding their assertion that they were employed solely by Monticello and, therefore, defendants were not entitled to the protection of Labor Code section 3601.

■■■■ After hearing, the court granted defendants' motions, denied plaintiffs' motion and entered judgment in favor of defendants.[2] Plaintiffs filed a timely notice of appeal.

Both plaintiffs and defendants rely upon the same case to support their position, *Horney* v. *Guy F. Atkinson Co.* (1983) 140 Cal.App.3d 923 [190 Cal.Rptr. 18]. In that case, plaintiff Horney was injured during the course

---

[1] Labor Code section 3601 provides in relevant part: "Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer . . . ."

[2] An order granting or denying a motion for summary judgment is not an appealable order. Only a judgment entered following such an order is appealable. (*West* v. *Cranmer* (1963) 220 Cal.App.2d 265, 266 [33 Cal.Rptr. 734]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 76, p. 100.) We observe that the "judgment" identified by the parties in this case is a document titled "Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment." The relevant language from that document states: "It is hereby ordered that the Defendants' Motion for Summary Judgment is granted and that judgment be entered for Defendants and against Plaintiffs." Apparently recognizing that the language of the order was ambiguous and might run afoul of the foregoing rule because it directs that judgment "be" entered rather than "is" entered, defendants gave notice of its entry in a document titled "Notice of Entry of Order and Judgment." Although we choose to construe the ambiguous language as a judgment, we strongly suggest that it is preferable to title a judgment as such and to use language specifically stating that judgment "is" entered.

of his employment by a joint venture known as Melones Contractors (the prime contractor for construction of the New Melones Dam). The joint venture was composed of Guy F. Atkinson Company, Gordon H. Ball, Inc. and the Arundel Corporation. Horney sued Atkinson, alleging, inter alia, that the plant where he worked had been defectively designed by Atkinson without adequate instruction, warning devices and safeguards. (*Id.,* at p. 925.) Atkinson brought a motion for summary judgment asserting that, because Horney was employed by the joint venture, the exclusive remedy rule of Labor Code section 3601 protected it from Horney's tort action. The trial court granted the motion and the Court of Appeal affirmed. (*Horney, supra,* at p. 931.) The Court of Appeal in *Horney* observed: "An employee of a joint venture is an employee of each individual member of the joint venture. As such, a member of a joint venture is entitled to the protection of the exclusive remedy provisions of the Labor Code. [Citations omitted.]" (*Id.,* at p. 927.)

■ Defendants similarly assert that they should be protected by Labor Code section 3601 because they were joint venturers with plaintiffs' employer Monticello. In effect, defendants argue that all joint venturers should be protected from tort actions brought by employees of any individual joint venturer for injuries suffered during the course of employment on the object of the joint venture. We disagree.

*Horney* is clearly distinguishable on its facts from this case. In *Horney* the employee was employed by the joint venture, paid by the joint venture on the joint venture payroll, and covered by workers' compensation insurance maintained by the joint venture. By contrast, in our case plaintiffs were employed by Monticello, a member of the joint venture, and not the joint venture itself. They were injured in the scope of their work for Monticello. Plaintiffs were paid from the Monticello bank account and not out of the joint venture account. Monticello and not the joint venture carried the workers' compensation insurance covering the plaintiffs. Monticello hired, fired, directed and controlled the work of the construction employees on the job. Finally, plaintiffs' employment also involved work elsewhere on Monticello's other nonjoint-venture projects.

The statutory language which led to the holding in *Horney* does not apply in the present context. Labor Code section 3601 makes the workers' compensation system the exclusive remedy as between an employee and his or her employer. In *Horney,* the court simply applied the well established rule that an individual employed by a joint venture or a partnership is an employee of all of the joint venturers or partners. (*Horney* v. *Guy F. Atkinson Co., supra,* 140 Cal.App.3d at p. 927.) In other words, the *Horney* court simply applied the statutory bar of section 3601 to all of Horney's employ-

ers. In so doing, the court did not attempt to extend to nonemployers the protection afforded to employers by the Legislature in section 3601.

Try as they might, defendants have failed to explain how they can be viewed as plaintiffs' employers. In effect, they are arguing that they ought to be treated the same as plaintiffs' employer Monticello. This assertion should be addressed to the Legislature, not to us. Defendants' position would stand the rule established in Labor Code section 3601 on its head. Defendants were not plaintiffs' employers and, therefore, are not protected from plaintiffs' action by section 3601. Joint venturers who wish to rely upon Labor Code section 3601 in order to avoid general exposure to employment related tort actions by employees of their other joint venturers must cause the joint venture to employ such individuals.

The judgment is reversed. Plaintiffs shall recover their costs on appeal.

Anderson, P. J., and Poché, J., concurred.